## Wakenva Coal Company v. Deaton et al.

(Decided March 11, 1930.)

FAULKNER & FAULKNER for appellant.

SOUTH STRONG for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

While working in the mine of the Wakenva Coal Company at Hazard, Joe E. Deaton was killed by falling

slate on June 29, 1927. On July 13, 1927, his widow, Martha Deaton, and the company entered into a written agreement by which the company agreed to pay her the sum of $4,000, payable at the rate of $12 a week for 333 1/3 weeks. This was the maximum compensation payable under the act, and the agreement was approved by the Workmen's Compensation Board. After several payments had been made, Martha Deaton filed her written application with the board, asking that future payments of compensation be commuted to a lump sum, and filed in support thereof several affidavits. The basis of the application was that she was poor, had several children, could not live on the monthly payments, had to work in the cornfields, that for $700 she could secure a home, which, together with the necessary repairs, would cost $1,200. Accompanying the application was a deed conveying the property for $700, supported by affidavits that the property was worth that amount. Another ground relied on for the motion was that the company was behind in its payments, and she had to resort to executions, and that it had paid the undertaker the sum of $96 without her consent. The application was considered on two occasions and denied. After that, it was considered by the whole board, and again denied.

Thereafter she filed in the Perry circuit court her petition on appeal, charging, among other things, that the order was contrary to the evidence, the law, and the facts, and not supported by either; that the board acted without and in excess of its authority; that the original motion and records were lost, and that the order was not rendered from competent and relevant evidence, but by fraud; that the board failed properly to consider the whole facts and circumstances; that to commute payments to a lump sum would not subject the coal company to any risk or danger; and that the collection of compensation would be endangered, because the company had failed to comply with its agreement and was threatened with bankruptcy. The company filed a special and general demurrer, and also an answer which was afterwards stricken from the record. Martha Deaton was permitted to give her deposition on the question of fraud. No fraud was shown, but, on the contrary, the record discloses that the board displayed unusual patience and care in passing on her application. The circuit court first sustained the special demurrer to its jurisdiction, but thereafter reconsidered the question, took jurisdic-

tion, and rendered a decree adjudging that Mrs. Deaton was entitled to the relief sought, and remanded the case to the Workmen's Compensation Board for further proceedings. From that judgment this appeal is prosecuted.

Section 4907, Kentucky Statutes, provides: "Whenever compensation has been paid for not less than six months thereafter, on the application of either party and upon notice to the other party, in any case where the board may determine that it will be for the best interests of either party and will not subject the employer or his insurer to an undue risk of overpayment, future payments of compensation or any part thereof may be commuted to a lump sum of an amount which will equal the total sum of the probable future payments so commuted discounted at five per cent. (5%) per annum on each payment. Upon payment of such lump sum all liability for the payments therein commuted shall cease."

We do not find in the act any provision authorizing an appeal from the action of the board under the foregoing section, and we are convinced that no appeal was intended. The purpose of the Compensation Act is to allow compensation extending over a period of time, so that the monthly payments will take the place as far as possible of the wages of the deceased employee. In other words, it was intended that the dependents should have something to live on, and not a sum that might be spent, consumed, or lost without accomplishing that purpose. Section 4907, Kentucky Statutes, supra, was intended to meet special cases and to permit the board to commute future payments of compensation or any part thereof to a lump sum, where it determined that it would be for the best interest of either party, and would not subject the employer or his insurer to an undue risk of overpayment. We are therefore of the opinion that the Legislature regarded the commutation of future payments of compensation to a lump sum purely as an administrative feature of the act, and lodged the final determination of that question in the board. It follows that the board's action was not reviewable on appeal, and that the lower court erred in not sustaining the special demurrer and dismissing the petition on appeal.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.