# Black Mountain Corporation v. Davenport et al.

Nov. 3, 1939.

J. B. Snyder for appellant.
Golden & Lay for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Dismissing appeal.

For total permanent disability resulting from injuries received on December 12, 1935, appellee, Ollie Davenport, on November 4, 1937, was awarded compensation by the Kentucky Workmen's Compensation Board at the rate of $13.34 per week for a period not exceeding eight years. This award was confirmed by the Harlan Circuit Court. On October 10, 1938, Davenport filed with the Board a motion for a partial lump sum settlement of $2,500 with which to purchase a farm, live stock, and farming implements. At that time the unpaid balance of the total award amounted to approximately $3,700. His employer, the Black Mountain Corporation, objected, but the Board, after a hearing, sustained the motion, ordered the payment made, and directed that a lien in favor of the employer be retained in the deed conveying the farm in order to protect the employer from overpayment in the event of the death or recovery of Davenport before the expiration of the compensable period.

On March 20, 1939, appellant instituted the present action by filing in the Circuit Court Clerk's office a petition charging that the Board acted without and in excess of its power, that the order for a lump sum settlement was not in conformity with the provisions of the Workmen's Compensation Act, that the findings of fact made by the Board did not support the order, and that no good or valid reason or ground had been presented for the payment of a lump settlement.

On March 21, 1939, Davenport filed a demurrer to the petition, and on the same day the Court, after hearing oral arguments, entered an order reciting that it was "of the opinion that no appeal lies from an order of the Workmen's Compensation Board commuting compensation to a lump sum, and that the Board has the power to finally determine this matter, and the Statute provides no appeal from such an order of the Workmen's Compensation Board."

The order further recited that the Black Mountain Corporation had declined to plead further and directed that the case be dismissed and stricken from the docket because of lack of jurisdiction.

Portions of the record of the Board, including the application for a lump sum settlement, the objection

filed thereto, the option for the purchase of the farm and the deed conveying it, and the testimony of Davenport given in the original proceeding on May 1, 1937, were made part of the record for an appeal. Counsel for Davenport have filed a motion to dismiss the appeal, upon the ground that no appeal lies from an order of the Workmen's Compensation Board directing a lump sum settlement, and this motion has been passed to the merits and the case advanced.

Counsel for appellant insists that an order of the Workmen's Compensation Board directing payment in a lump sum is an amended award and subject to appeal to the Circuit Court, and that the judgment of the Circuit Court dismissing the petition should be reversed because (1) the action was prematurely decided, (2) because Davenport was not able to operate a farm profitably and the Board under the circumstances abused its discretion in ordering a lump sum settlement, and because (3) "there was no appraisement of the value of the property or livestock by any disinterested person, and the Board was without power to approve such a purchase without giving Black Mountain Corporation an opportunity to appraise the property and see whether or not a lien upon it would protect it."

Assuming that we had jurisdiction to control the Board's action, it would be perhaps sufficient to say that the record does not disclose that any objection was made to the Trial Court's action in hearing or deciding the case on March 21st; that there is nothing before us to, show that the Court abused its discretion, unless we consider as sufficient for that purpose the argument of counsel that there is small likelihood of Davenport being able to successfully operate a farm, and that the record does not disclose any fact which would indicate that the retention in the deed of a lien for appellant's benefit does not fully protect appellant from possible loss. However, our conclusion that the Courts in the absence of fraud have no jurisdiction to control the action of the Workmen's Compensation Board with respect to directing or refusing to direct partial or complete lump sum settlements, renders unnecessary further consideration of the grounds urged by appellant for a reversal—in fact, disposes of the entire case.

Section 4907 of the Kentucky Statutes provides:

"Whenever compensation has been paid for not less

than six months thereafter, on the application of either party and upon notice to the other party, in any case where the board may determine that it will be for the best interests of either party and will not subject the employer or his insurer to an undue risk of overpayment, future payments of compensation or any part thereof may be commuted to a lump sum of an amount which will equal the total sum of the probable future payments so commuted, discounted at five per cent (5%) per annum on each payment. Upon payment of such lump sum all liability for the payments therein commuted shall cease."

In discussing this Statute this Court in the case of Wakenva Coal Company v. Deaton et al., 233 Ky. 393, 25 S. W. (2d) 1024, 1025, said:

"We do not find in the act any provision authorizing an appeal from the action of the board under the foregoing section, and we are convinced that no appeal was intended. The purpose of the Compensation Act is to allow compensation extending over a period of time, so that the monthly payments will take the place as far as possible of the wages of the deceased employee. In other words, it was intended that the dependents should have something to live on, and not a sum that might be spent, consumed, or lost without accomplishing that purpose. Section 4907, Kentucky Statutes, supra, was intended to meet special cases and to permit the board to commute future payments of compensation or any part thereof to a lump sum, where it determined that it would be for the best interest of either party, and would not subject the employer or his insurer to an undue risk of overpayment. We are therefore of the opinion that the Legislature regarded the commutation of future payments of compensation to a lump sum purely as an administrative feature of the act, and lodged the final determination of that question in the board. It follows that the board's action was not reviewable on appeal, and that the lower court erred in not sustaining the special demurrer and dismissing the petition on appeal."

It is argued by appellant's counsel that the case cited is not conclusive of the question involved here, for the reason that it arose out of a refusal of the Board to

grant an application for a lump sum settlement, whereas the present case arose out of an order of the Board directing such a settlement, but we are unable to perceive any difference in the applicable principles of law. Certainly, there is nothing in the language of the Statute or in the case supra construing it which would justify the distinction contended for. Moreover, in the case of Consolidation Coal Company's Receiver v. Patrick et al., 254 Ky. 671, 72 S. W. (2d) 51, this Court expressly approved the construction of the Statute adopted in the Wakenva Coal Company case.

Because of our conclusions on the questions of law involved, the appeal will have to be dismissed, and it is so ordered.

Appeal dismissed.