## Warner et al. v. Lexington Roller Mills, Inc., et al.

June 2, 1950.

As Modified and Extended on Denial of Rehearing Nov. 17, 1950.

Chester D. Adams, Judge.

R. E. Lee Murphy, P. T. Clark, Yancey & Martin and Foster Ockerman for appellants.

I. Jay Miller for appellees.

CLAY, COMMISSIONER—Reversing.

We have before us a motion for appeal involving the liability of the employer to pay an attorney's fee allowed by the Workmen's Compensation Board. It presents a unique question which arises out of our decision in Warner et al. v. Lexington Roller Mills, Inc., 306 Ky. 142, 206 S.W.2d 471, 175 A.L.R. 722. The lower Court adjudged that appellants were not entitled to recover of appellees the attorney's fee allowed by the Board.

No question is presented regarding appellant attorneys' right to compensation. The only issue involved is whether or not under the peculiar circumstances of this case appellees should be required to pay it at the present time.

In deciding this case originally we held that the employee was entitled to compensation, but that the employer was entitled to credit to the full extent of such compensation as long as the latter employed the former at a weekly wage equal to or in excess of the weekly wage paid at the time of the injury. (This holding has often been referred to as the "Ditty Rule," and has since been abolished by legislative enactment.) The employer, at the time of the application for the fee, was still paying the employee a sufficient wage to be entitled to full credit for the weekly compensation due under the award.

KRS 342.320(2) provides that the Board may order payment of the attorney fee directly to the attorney "commuting sufficient of the final payments of compensation payable under the award to a lump sum for that

purpose.'' The employer contends that as long as it furnishes employment to the employee at the requisite wage, there is nothing at all ''payable'' to the employee. Therefore, future payments under the statute cannot be commuted because they may never actually become due.

We think there are two answers to this contention. In the first place, the word ''payable'' as used in the statute obviously means such amounts as will become due in the future under the award. Otherwise, there would be nothing to commute or accelerate. The statute provides in effect that the last weekly payments, which will become due under the award, shall be telescoped to provide a fund sufficient to satisfy the full amount of the attorney's fee. Whether or not these final payments would ever actually be paid to the employee is immaterial.

In the second place, the rule applied in the original case was an attempt to work out an equitable arrangement between the employer and employee. It was not designed to cut off any of the employee's rights or to destroy the rights of the attorney representing him, but was simply substituting a credit for a weekly amount legally payable by the employer. It did not lessen this liability or saddle the employee with the payment of the attorney's fee out of his own pocket. When this attorney's fee is paid by the employer, it will of course reduce the time for the running of the award and will likewise reduce the time within which the rule in the original case is applicable.

We conclude the trial Court committed error when it determined that appellants were not entitled to the attorney's fee at the present time. However, it appears the computation by the Board of the amount of the fee was incorrect, and instead of being $438.21, it should have been $246.30. For this reason it would not be proper to confirm the Board's award, but the cause should be remanded for the entry of an award in the correct amount.

The motion for appeal is sustained, and the judgment is reversed with directions to remand the case to the Workmen's Compensation Board for the entry of a proper order allowing an attorney's fee in the amount of $246.30.