JERRY'S DRIVE IN, INC., Appellant,

v.

Ruby YOUNG and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

March 4, 1960.

Rehearing Denied June 3, 1960.

See also 335 S.W.2d 323.

William Lehnig, Duncan & Lehnig, Louisville, for appellant.

W. C. Edrington, Louisville, for appellee Ruby Young.

WILLIAMS, Judge.

Appellee, Ruby Young, was injured while working for appellant, Jerry's Drive In, Inc. Her claim was filed before the Workmen's Compensation Board, a hearing was held, and an award allowing compensation was made. Also allowed was appellee's attorney's fee in the maximum statutory amount. Appellant thereafter filed a motion before the Board, requesting that appellee be required to submit to an examination by a physician of appellant's choice. Jerry's Drive In, Inc., appealed to the Jefferson Circuit Court from the award of the Board allowing attorney's fee, and also sought direction of the court concerning the necessity of payment of benefits to appellee during the time she failed to submit to a physical examination. The Jefferson Circuit Court ruled that maximum attorney's fee as provided by statute was proper, and that appellee was entitled to compensation during the period of time between the issuance of the order directing her to submit to the physical examination and the time at which she actually was examined.

■ The appellant first alleges that the award of an attorney's fee to appellee's attorney was erroneous on the ground that it was impossible to carry out the Board's order. The award stated that the appellee had suffered an injury from which she was totally disabled for work, and ordered that she recover during disability a certain sum per week, but not longer than 425 weeks. Appellant contends that the award was not for total permanent disability but only for an indefinite period of temporary disability, and, therefore, the Board erred in allowing appellee's attorney a fee based upon an award made pursuant to KRS 342.-095. A similar question was considered in Warner v. Lexington Roller Mills, 314 Ky. 1, 233 S.W.2d 988, where the question was whether future payments under the statute can be commuted before they actually become due. This Court held that they could, and specifically stated that it was immaterial whether or not final payments would ever actually be paid to the employee. The function of the statute in question, KRS 342.320, is to allow the attorney a fee for services performed his client and at the same time not invoke an immediate burden upon the client. It is true that final total payments may never be made. KRS 342.125 provides that the Workmen's Compensation Board may, upon the showing of certain conditions, review any award and either diminish or increase compensation previously awarded. However, such contingency shall not deprive the attorney, who has performed the services required, of the fee to which he is entitled by law.

■ Appellant's second contention is that the Jefferson Circuit Court erred in directing that compensation be paid to appellee during the period of time that elapsed between the Board's order directing her to be examined by a physician and the actual examination. KRS 342.205 provides that the injured person must submit to examination by a designated physician or surgeon at reasonable times and places if a request is properly made, and that failure to do so shall deprive him of compensation during the period of such failure. The Board ordered appellee to submit to an examination by a physician, but, so far as this record discloses, there was no designation either by the Board or by the employer as to the time and place of the examination or the physician who was to make the examination. It is apparent there has not been a sufficient compliance with the above noted statute by the Board or the employer to put into motion the penalties provided therein. It is not incumbent upon the employee to seek out and discover the time and place, or the name of the physician to whom he shall submit himself for examination. Unless that prerequisite is met by the employer or the Board, the employee shall not be penalized for failure to submit himself for examination.

Judgment affirmed.