COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Mitchell COMBS et al., Appellees.

Court of Appeals of Kentucky.

May 11, 1962.

James J. Shannon, Jr., Frankfort, for appellant.

James S. Chenault, Clay Shackelford, Richmond, Ben K. Wilmot, Frankfort, for appellees.

BIRD, JUDGE.

Clay Shackelford served successfully as attorney for Mitchell Combs in his claim against the Commonwealth's Department of Highways for workmen's compensation. The Workmen's Compensation Board, before whom the action was pending, ordered that the attorney's fee be paid in a lump sum to attorney Shackelford. The fee will of course be deducted from the claimant's total award and he does not object to the amount or its payment in a lump sum.

The Department of Highways, however, objected to the amount of the fee and to the order for lump sum payment and appealed to the Madison Circuit Court from the Board's order. The Madison Circuit Court dismissed the appeal. The Department of Highways has appealed to this Court.

KRS 342.320 as amended in 1956 reads as follows:

"All fees of attorneys and physicians, and all charges of hospitals under this chapter, shall be subject to the approval of the board. No attorney fees shall be allowed or approved against any party not represented by said attorney, nor shall any attorney fee be allowed or approved exceeding an amount equal to twenty percent of the amount recovered. The board may reduce the attorney's fee to an amount commensurate with the services performed, or may deny or reduce an attorney's fee upon proof of solicitation of employment.

"The entire attorney's fee in a lump sum shall be paid directly to the attorney of record, and the board in allowing or approving an attorney's fee, as provided in this section, shall order the payment of same directly to the attorney, commuting sufficient of the final payments of compensation payable under the award to a lump sum for that purpose."

■ The statute authorizes the Board to fix the fee and the statute makes it mandatory that sufficient payments of the award be commuted for the purpose of paying the attorney's fee in a lump sum.

■ The employee and the attorney are the only parties who may object to the amount of a fee fixed by the Board. Certainly the employer has no right to question it.

Prior to the mandatory amendment of 1956 we held that commutation and lump sum payment of awards are administrative matters and that the courts will not review the Board's order thereunto pertaining except in cases of fraud. Black Mountain Corporation v. Davenport, 280 Ky. 302, 133 S.W.2d 102. Under the mandatory amendment the Board cannot deny an application for commutation and lump sum payment of attorney fees. If the employer could not appeal from an order granting commutation and lump sum payment before the mandatory provision was enacted it most certainly cannot do it now.

The employer having no right to question the amount of the fee and having no right to appeal from the order for its lump sum payment, the Madison Circuit Court had nothing to review and properly dismissed the action.

The judgment is affirmed.