**ELKHORN STONE COMPANY, Appellant,**

v.

**Thomas L. WEBB et al., Appellees.**

Court of Appeals of Kentucky.

March 17, 1972.

Jack T. Page, Stephens, Combs & Page, Pikeville, for appellant.

Harry R. Stamper, Kelsey E. Friend Law Firm, Pikeville, John Breckinridge, Atty. Gen., Frankfort, for appellees.

CULLEN, Commissioner.

On February 17, 1969, the Workmen's Compensation Board awarded Thomas L. Webb compensation, payable by his employer, Elkhorn Stone Company, for total permanent disability, commencing as of January 29, 1968, at the rate of $47 per week for 425 weeks. Payments totaling $4,512 were made under this award until November 22, 1969, when Webb died as the result of an apparently self-inflicted gunshot wound. The circumstances were such that there was no basis for continuation of the benefits to dependents. A few days later the attorney who had represented Webb on his compensation claim filed an application with the Workmen's Compensation Board, under KRS 342.320, for allowance of an attorney fee of 20 percent of the *award* that had been made to Webb. The board granted the application, over objection of the employer, and awarded the attorney a fee of $3,995. The employer appealed to the circuit court, which entered judgment upholding the allowance of the fee. The employer has appealed to this court from that judgment.

The employer's contention is simply that when Webb died the unpaid balance of his award terminated, leaving nothing out of which to pay an attorney's fee.

The statute, KRS 342.320, provides that when the board allows a fee it "shall order the payment of same directly to the attorney, commuting sufficient of the final payments of compensation payable under the award to a lump sum for that purpose." Previous decisions of this court have made it clear that the right to the fee becomes vested when the award is made, and is not affected by subsequent events that may reduce the award, such as (under the old "Ditty Rule") the earning by the employe of wages equal to or greater than the amount of the compensation payments, Warner v. Lexington Roller Mills, Inc., 314 Ky. 1, 233 S.W.2d 988; or a reopening of the award under KRS 342.125, Jerry's Drive In, Inc. v. Young, Ky., 335 S.W.2d

321. Under those decisions the death of Webb in the instant case did not impair the right of his attorney to payment of his fee out of the award.

The employer argues that "absent some statute giving the right of survival," the right to future benefits terminates upon the death of the employe. It is our opinion that the statute, KRS 342.320, providing for commutation of the final payments of compensation for the purpose of paying the attorney's fee, as that statute has been construed by this court, in effect does give the right of survival as to the attorney's fee.

The judgment is affirmed.

HILL, MILLIKEN, NEIKIRK, PALMORE, REED and STEINFELD, JJ., concur.