LIVINGSTON COUNTY FARM
SUPPLY, INC., Movant,

v.

William H. SPENCER, William F. McGee,
James R. Yocom, Commissioner of La-
bor and Custodian of the Special Fund;
and Workmen's Compensation Board,
Respondents.

James R. YOCOM, Commissioner of
Labor and Custodian of the Special
Fund, Movant,

v.

William H. SPENCER, William F. McGee,
Livingston County Farm Supply, Inc.;
and Workmen's Compensation Board,
Respondents.

James R. YOCOM, Commissioner of
Labor and Custodian of the Special
Fund, Movant,

v.

Comer STEVENSON, George M. Eady
Company; and Workmen's Compen-
sation Board, Respondents.

*Supreme Court of Kentucky.*

Dec. 18, 1979.

Earle T. Shoup, Paducah, for movant Liv-
ingston County Farm Supply, Inc.

William F. McGee, Smithland, for respondents William H. Spencer and William F. McGee.

Cyril E. Shadowen, Dept. of Labor, Louisville, Kenneth E. Hollis, Dept. of Labor, Frankfort, for movant James R. Yocom.

Robert M. Lindsay, Louisville, for respondent Comer Stevenson.

William Mellor, Louisville, Donald Campbell, Director, Workmen's Compensation Board, Frankfort, for respondent George M. Eady Co.

LUKOWSKY, Justice.

The question presented is whether future benefits payable pursuant to a workmen's compensation award to continue during disability may be commuted to a lump sum for the purpose of the payment of the fee of the attorney for the claimant (KRS 342.320) or other benefit of the claimant (KRS 342.-150) without violating either the United States or Kentucky constitutions. The Court of Appeals answered the question yes. We agree.

The employers and the Special Fund submit that the commutation of sufficient final payments of the compensation awarded inherently involves such an undue risk of overpayment as to be an arbitrary exercise of power and therefore violative of section 2 of the Kentucky Constitution and of the Fourteenth Amendment to the Federal Constitution.[1]

The constitutionality of the Workmen's Compensation Act was upheld in *Greene v. Caldwell*, 170 Ky. 571, 186 S.W. 648 (1916) and *Wells v. Jefferson County*, Ky., 255 S.W.2d 462 (1953). The case of *Burns v. Shepherd*, Ky., 264 S.W.2d 685 (1954) struck down an amendment to the act which required the employer to pay one half of the fee of the attorney for the claimant in addition to the compensation award.[2] Commutation of future "payable" benefits has not been addressed previously.

■ We begin with the premise that once the concept of workmen's compensation is found to be a constitutional alternative to common law recovery, the Legislature is free to prescribe the time during and manner in which compensation benefits are to be paid. It is beyond cavil that the legislature could have provided that benefits take the form of a lump sum payable upon award. However, it has chosen not to do so. Prior to 1972 benefits were payable for a fixed number of weeks. Presently, the statutory scheme directs payments to be paid "during such disability." KRS 342.730.

The Legislature has seen fit to regulate the attorneys' fees to be paid by workmen's compensation clients and has set forth its policy in KRS 342.320. This section grants the Board some discretion in approving attorneys' fees and establishes maximum fees. It also permits the Board to commute future payable benefits of the claimant to pay his present obligation. As stated in *Jerry's Drive In, Inc. v. Young*, Ky., 335 S.W.2d 321, 322 (1960) the purpose of the statute is "to allow the attorney a fee for service performed his client and at the same time not invoke an *immediate burden upon the client.*" (emphasis added).

■ We have previously rejected the idea that future payments are not "payable" because they may never actually become due. "The statute provides in effect that the last weekly payments, which will become due under the award, shall be telescoped to provide a fund sufficient to satisfy the full amount of the attorney's fee. Whether or not these final payments would ever actually be paid to the employee is immaterial." *Warner v. Lexington Roller Mills*, 314 Ky. 1, 3, 233 S.W.2d 988, 989 (1950). The right of the attorney to the fee allowed by the Board "becomes vested when the award is made, and is not affect-

---

1. The Special Fund and the employers have articulated no reason why Kentucky Constitution section 3 is offended or why KRS 342.320 is special legislation prohibited by section 59. These claims are patently frivolous and are summarily disregarded.

2. However, in *Owens v. Clemons*, Ky., 408 S.W.2d 642, 645 (1966) we seriously questioned the rationale of that case.

ed by subsequent events that may reduce the award . . . ." *Elkhorn Stone Co. v. Webb,* Ky., 478 S.W.2d 720 (1972). Further, the attorney and the employe are the only parties who may object to the amount of the fee set by the Board. *Commonwealth of Kentucky, Department of Highways v. Combs,* Ky., 357 S.W.2d 316 (1962).

The Special Fund and the employer argue that the indefinite duration of a workmen's compensation award makes the commutation of the final payable benefits an arbitrary action because the date of final payment is ethereal.[3] However, the Legislature has provided that once the claimant and his counsel petition the Board to approve the fee payment out of future payable benefits, the final point from which the benefits are to be commuted is certain. This point is the life expectancy of the claimant as of the date of the injury computed according to designated mortality tables.

When the attorney's fee is approved, the future payments required to pay the fee are precipitated and vest as a present right in the claimant so that he may meet his obligations to his counsel in the case. The legislature created an indefinite award but has provided a means by which a portion may be made finite and to accelerate its payment. This precipitation of the future payable benefits is an administrative procedure and cannot be termed arbitrary. Surely, the legislative prerogative to lump sum the whole award includes the right to lump sum a part. Any payment less than the full award allows the future payments to be retained by the employer and operates to his advantage. Removal of the disability may obviate the requirement of future payments, but those future payments which were commuted have vested and have become payable.

In short, we hold that commutation pursuant to KRS 342.320 to pay a claimant's attorney's fee is not an exercise of arbitrary power and that the procedure does not violate section 2 of the Kentucky Constitution, nor does it deprive the employers or the Special Fund of property without due process of law as guaranteed by the Fourteenth Amendment. When the claimant petitions the Board to approve the attorney's fee and to commute his final payment to a lump sum to pay this obligation, the end point of the indefinite award is fixed by life expectancy on the date of injury and the requisite payment may be commuted. The payments to the claimant continue "during such disability" until the point of commuted payment is reached.[4]

In light of what we have written in regard to attorneys' fees it follows, *a fortiori,* that commuting future payments to make a lump sum payment to the claimant himself does not violate Kentucky Constitution section 2 or the Fourteenth Amendment. The fact that a person may not live out his life expectancy calculated as of the date of injury does not subject the Fund and employer to an undue risk of overpayment.

The Board has discretion in making the lump sum payments "in the best interests of either party." KRS 342.150. "Courts in the absence of fraud have no jurisdiction to control the action of the Workmen's Compensation Board with respect to directing or refusing to direct partial or complete lump

---

3. Counsel rely upon *Silvers v. The Marley Co.,* Ky.App., 566 S.W.2d 767 (1978) *discretionary review denied,* June 27, 1978, for the principle that claimant's death terminate his disability leaving no future payment payable. *But see* KRS 342.620(20) and *Amburgey v. Daniel Construction Co.,* Ky., 592 S.W.2d 141 (decided December 4, 1979) in which we eviscerated *Silvers.* This is a good example that denial of a motion for discretionary review does not indicate approval of the Court of Appeals opinion. It simply permits their decision to stand. CR 76.20(9).

4. The Court of Appeals chose to decide whether payments would resume pursuant to the award once the claimant outlived the calculated life expectancy from which commutation was made when the facts of the case did not present the issue. The courts of Kentucky do not render advisory opinions. This issue should have been and now is reserved until a case actually presents it.

sum settlements . . . ." *Black Mountain Corp. v. Davenport*, 280 Ky. 302, 304, 133 S.W.2d 102, 103 (1939). *Accord Commonwealth of Kentucky, Department of Transportation v. Combs*, Ky., 357 S.W.2d 316, 317 (1962).

▇ In a nutshell, we hold that lump sum payments for the benefit of the claimant may be commuted from his life expectancy if attorneys' fees have not been commuted, or from that portion of his life expectancy remaining after commutation if attorneys' fees have been commuted.

In the *Spencer* cases the decision of the Court of Appeals is affirmed in part and reversed in part and the judgment of the Livingston Circuit Court is affirmed.

In the *Stevenson* case the decision of the Court of Appeals is affirmed in part and reversed in part, the judgment of the Jefferson Circuit Court is reversed and the cause is remanded to the circuit court for entry of a judgment consistent herewith.

All concur except AKER and STEPHENS, JJ., who did not participate in the decision of these cases and STERNBERG, J., who dissents.

STERNBERG, Justice, dissenting.

This appeal is from an order of the Workmen's Compensation Board awarding an attorney's fee and providing for commuting sufficient of the final payments of compensation to a lump sum for payment.

So much of KRS 342.320(2) as is pertinent to the issue provides as follows:

"* * * The entire attorney's fee in a lump sum shall be paid directly to the attorney of record, and the board in allowing or approving an attorney's fee, as provided in this section, shall order the payment of same directly to the attorney, commuting sufficient of the final payments of compensation payable under the award to a lump sum for that purpose."

The movant, Livingston County Farm Supply, Inc., was the employer of the respondent William H. Spencer, and the respondent William F. McGee was Spencer's attorney.

In *Wakenva Coal Co. v. Deaton*, 233 Ky. 393, 25 S.W.2d 1024 (1930), we discussed the commutation and lump sum payment of an award. In the course of the opinion we said:

"* * * We are therefore of the opinion that the Legislature regarded the commutation of future payments of compensation to a lump sum purely as an administrative feature of the act, and lodged the final determination of that question in the board. It follows that the board's action was not reviewable on appeal, and that the lower court erred in not sustaining the special demurrer and dismissing the petition on appeal."

In *Black Mountain Corporation v. Davenport*, Ky., 133 S.W.2d 102 (1939), we again discussed the commutation of an award to a lump sum payment. In doing so, we quoted with approval the *Wakenva Coal Co.* case, supra.

In *Commonwealth v. Combs*, Ky., 357 S.W.2d 316 (1962), we discussed the commutation of an award and the payment of a lump sum attorney's fee. Therein, we stated:

"The statute authorizes the Board to fix the fee and the statute makes it mandatory that sufficient payments of the award be commuted for the purpose of paying the attorney's fee in a lump sum.

The employee and the attorney are the only parties who may object to the amount of a fee fixed by the Board. Certainly the employer has no right to question it."

In *Hicks v. General Refractories Company*, Ky., 405 S.W.2d 734 (1966), we again discussed the commutation of an award so as to fix the attorney's fee in a lump sum payment. We cited with approval *Commonwealth v. Combs*, supra. In addition thereto, we stated:

"Our only criticism is that the Board did not compute the discount to be credited against the award but permitted General Refractories to do it. The statute requires the Board to make the commutation. Thus, if there were any objection

by Hicks or his attorney it could be resolved before the Board. * * * However, the mathematical computation is not questioned in this appeal."

The order complained of is the result of purely an administrative procedure, from which no appeal lies. I would dismiss the appeal that was taken to the Court of Appeals of Kentucky. I would therefore cause the action to be returned to the Workmen's Compensation Board with directions that it make the mathematical computation necessary to effectuate and carry out its order of August 15, 1977, which constitutes the basis for this appeal. If I was not so thoroughly convinced, I would concur in the majority opinion.

For the reasons herein set out, I must dissent in *James R. Yocom, Commissioner of Labor etc. v. William H. Spencer, et al.,* and *James R. Yocom, Commissioner of Labor etc. v. Comer Stevenson, et al.*