**6**

Thelma STOVALL, Commissioner of Labor (Special Fund) (Successor to John Calhoun Wells), Appellant,

v.

Wheeler A. WILLIAMS; Kentucky-Virginia Stone Company; and Home Insurance Company, Appellees.

KENTUCKY–VIRGINIA STONE COMPANY; and Home Insurance Company, Appellants,

v.

Wheeler A. WILLIAMS, Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1984.

Discretionary Review Denied and Opinion Ordered Published By Supreme Court Sept. 6, 1984.

Cyril E. Shadowen, Dept. of Labor, Louisville, for Thelma Stovall.

Lowell W. Lundy, Barbourville, for Wheeler A. Williams.

F. Preston Farmer, John F. Kelley, Jr., London, for Kentucky-Virginia Stone Co. and Home Ins. Co.

Before HAYES, C.J., and REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

These appeals arise from a judgment of the Bell Circuit Court enforcing an award of the Workers' Compensation Board by requiring Wheeler A. Williams's employer, its insurance carrier, and the Special Fund to continue payments of benefits for so long as Mr. Williams is alive. The issue is whether all total disability awards should terminate at the expiration of the life expectancy of the claimant and should not be resumed after the commuted attorney fee is recouped. We affirm.

On September 9, 1975, the appellee Wheeler Williams incurred multiple injuries during the course of his employment. At the time of the accident, Mr. Williams was seventy-four (74) years old. Mr. Williams filed a claim with the Workers' Compensation Board, and on October 24, 1977, the

Board entered an opinion and award. The Board found Mr. Williams was rendered totally disabled as a result of the accident. Mr. Williams was awarded $88.00 per week for so long as he was disabled. This award was apportioned 33 percent against the employer, and 67 percent against the Special Fund.

On December 9, 1977, the Board further ordered that Mr. Williams's attorney receive a fee of $5,371.36. Pursuant to KRS 342.320 this amount was calculated in accordance with the American Experience Table of Mortality. Based on this table, Mr. Williams had a life expectancy of 6.68 years or approximately 347.36 weeks. Converting the commuted value of the attorney fee to the number of weeks of benefits to be paid, the employer would be allowed a credit of sixty-seven (67) weeks. The employer's insurance carrier, then, notified Mr. Williams on January 21, 1981, that his benefits would cease for sixty-seven (67) weeks to allow for recoupment of the attorney fee. On June 25, 1982, the carrier further informed Mr. Williams that payment of benefits had completely terminated because its liability ended with the expiration of the number of weeks equivalent to Mr. Williams's life expectancy.

After this refusal to pay, Mr. Williams sought enforcement of his benefits in Bell Circuit Court. The court ordered payments of the benefits to be resumed for so long as Mr. Williams is alive.

Mr. Williams's employer, Kentucky-Virginia Stone Company; its carrier, Home Insurance Company; and the Special Fund contend the trial court's order is inconsistent with legislative intent as expressed in the Workers' Compensation Act. They argue that the Act's allowing attorney fees, widow or dependent benefits, and lump sum commutations to be determined according to accepted actuarial tables manifests an intention that permanent disability lasts until the claimant's life expectancy expires. This manifestation, they assert, is supported by the Act's definition of disability as "a decrease of wage earning capacity." Such a definition clearly distinguishes occupational disability from functional physical disability. The distinction was drawn, they argue, to emphasize that occupational disability differs from physical disability, and whereas, a permanent physical disability obviously lasts until death, an occupational disability does not. Occupational disability lasts only through one's occupational lifetime, which they define as one's life expectancy. We disagree.

■ The appellants' argument that the Legislature clearly intended for an occupational disability award to last only as long as the claimant's life expectancy is without merit. Custom and usage of the Act have incontrovertibly established that an award for so long as the claimant is disabled means that the award is for the claimant's occupational life and that occupational life is synonymous with physical life. One has the potential to earn wages for as long as he breathes.

■ Allowing determination of lump sum settlements, widow or dependent benefits, and attorney fees based on actuarial tables simply provides a convenient and fair method of fixing an indefinite future award and of supporting widows or dependent children. See *Livingston County Farm Supply v. Spencer*, Ky., 593 S.W.2d 76 (1979); *Amburgey v. Daniel Construction Co.*, Ky., 592 S.W.2d 141 (1979). This methodology, however, in no way affects the duration of an award where a lump sum settlement, widow or dependent benefits, or attorney fees is not sought. The real issue before this Court, then, is whether compensation payments must be continued once the claimant outlives the period calculated for the commutation of his attorney's fee. We believe the payments must continue.

■ KRS 342.320 simply provides a means by which to make a portion of an indefinite award definite and to accelerate the payment of attorney fees. *Livingston, supra.* Determining the amount of attorney fees according to actuarial tables affects only the sum of attorney fees and not the aggregate of the award. To hold oth-

erwise would effect the claimant's receiving a lump sum settlement when he seeks attorney fees without the claimant's receiving the money in lump sum. Moreover, the claimant's receipt of these benefits would remain contingent upon his living his life expectancy. Such result is inconsistent with the Workers' Compensation Act. Mr. Williams's payments should be resumed.

The judgment of the Bell Circuit Court is affirmed.

All concur.