**William O. WINDCHY, Acting Director of Special Fund (Successor to Robert L. Whittaker), Appellant,**

v.

**Kelsey E. FRIEND, Sr. of Kelsey E. Friend Law Firm; Clarence Randall Harris; T & W Coal Company; and Workers' Compensation Board, Appellees.**

**No. 95–SC–185–WC.**

Supreme Court of Kentucky.

April 25, 1996.

David Randall Allen, Special Fund, Louisville, for Appellant.

Kelsey E. Friend, Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, Benita Riley, Prestonburg, for Appellees.

GRAVES, Justice.

The Special Fund appeals from an award of attorneys' fees because the amount exceeds the statutory maximum. In 1993, the Administrative Law Judge awarded and the Court of Appeals later affirmed an attorneys' fee of $45,488.46 even though the compensable injury occurred in 1988 when the applicable law permitted only $6,500 in attorneys' fees. Fifty percent of the attorney's fee is now payable by the Special Fund. Both the Workers' Compensation Board and the Court of Appeals ruled that the Special Fund lacked standing to contest an award of attorneys' fees. The Special Fund claims it has standing because it has lost the use of substantial sums of money for a number of years and it has a fiduciary duty to insure that

money is paid to the proper party. We agree and reverse.

Effective, April 4, 1994, the General Assembly of the Commonwealth of Kentucky amended KRS 342.320(1) so as to place a $15,000 fee cap in workers' compensation proceedings. Previously, effective July 13, 1990, the General Assembly amended KRS 342.320 so as to remove the $6,500 fee cap in workers' compensation proceedings. Therefore, for the period beginning July 13, 1990, until April 4, 1994, there was no attorneys' fees cap on workers' compensation proceedings.

■ Of the $45,488.46 attorneys' fee, the Special fund was ordered to advance immediately $22,744.23 to the claimant's attorney. Had the applicable law been followed, the Special Fund's part of the attorneys' fee would have been $3,250. Consequently, by being ordered to advance its share of a substantially greater attorneys' fee, the Special Fund has lost the use of $19,494.23 in operational funds. Also, the Special Fund claims an interest in seeing that the workers' compensation benefits are properly allocated between the claimant and attorney so that the claimant's family may be provided for during the worker's disability. This is consistent with the humanitarian and the remedial purposes of the Workers' Compensation Act. To permit an attorney to receive seven times the legal maximum fee defeats these desirable statutory purposes.

■ In *City of Louisville v. Stock Yards Bank & Trust,* Ky., 843 S.W.2d 327 (1992), we held that the standard for standing to sue is a judicially recognizable interest in subject matter. Such interest may not be remote or speculative but must be present and substantial. Moreover, in *Rose v. Council for Better Education, Inc.,* Ky., 790 S.W.2d 186 (1989), this Court held that a party charged with a statutory duty to promote public education possessed standing to challenge the constitutionality of state statutes implementing Section 183 of the Constitution of Kentucky. Measured by this standard, we have no doubt that the appellant Special Fund has a requisite interest in the subject matter of this litigation.

Some thirty years ago, it was held that, since the attorneys' fee is paid from the claimant workers' compensation proceeds, only the claimant and attorney have standing to complain regarding the amount of the fee. The employer was said to have no stake in the dispute. *Commonwealth v. Combs,* Ky., 357 S.W.2d 316 (1962). See also *Livingston County Farm Supply, Inc. v. Spencer,* Ky., 593 S.W.2d 76 (1979).

In *Louisville and Jefferson County v. Kalbhin,* Ky., 687 S.W.2d 549 (1984), this Court granted standing to an employer to protest an attorneys' fee award where the amount awarded potentially exceeded the employer's remaining liability to the claimant. Moderation of the rule against employer intervention in employee attorney/client relations was said to be justified where the employer was "truly aggrieved."

Here the Special Fund will lose the use of more than $19,000 for a substantial period of time. It is our opinion that the Board erred in holding that the Special Fund did not meet the "truly aggrieved" exception.

Because of the loss of use of substantial sums of money involved, we hold that the Special Fund is an aggrieved party and has standing to sue to contest the award of attorneys' fees where the amount exceeds the statutory maximum.

The opinion of the Court of Appeals is reversed, and this matter is remanded to the Workers' Compensation Board for entry of orders consistent with the ruling herein.

STEPHENS, C.J., and GRAVES, KING, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

BAKER, J., not sitting.