Bill BAKER, Rickey D. Bailey,
and McKinnley Morgan,
Appellants,

v.

SHAMROCK COAL COMPANY, INC.;
Mark C. Webster, Administrative Law
Judge; and Workers' Compensation
Board, Appellees.

No. 98–SC–738–WC.

Supreme Court of Kentucky.

Feb. 18, 1999.

Rickey D. Bailey, Manchester, for appellants.

Neville Smith, Harold Rader, Manchester, for appellee Shamrock Coal Co., Inc.

## OPINION OF THE COURT

This appeal results from a retraining incentive benefit (RIB) award which was made to a working miner who was not engaged in retraining and whose claim was pending on April 4, 1994. It is no longer disputed that the claim is subject to the 1994 amendment to KRS 342.732(1)(a) which restricts the circumstances under which the benefit is payable. *Thornsbury v. Aero Energy*, Ky., 908 S.W.2d 109 (1995). On October 6, 1997, the Administrative Law Judge (ALJ) entered a RIB award for the following 208 consecutive weeks. The award was entered in compliance with the decision in *Meade v. Spud Mining*, Ky., 949 S.W.2d 584 (1997), wherein the Court recognized that an award to a RIB claimant who continues to work in the mining industry may well expire before the claimant becomes entitled to receive any benefits.

This appeal concerns whether the award of an attorney fee is authorized at the time the underlying RIB award becomes final or whether the award of an attorney fee is premature until such time as the claimant is entitled to receive the benefit. Pursuant to KRS 342 .320(2), the worker elected to have the attorney fee paid in a lump sum by the employer and deducted from the final payments of his award.

The Workers' Compensation Board (Board) and the Court of Appeals determined that the award of an attorney fee was premature until such time as the worker met the conditions for receipt of the benefit. Noting that the amount of the worker's recovery could not be determined until he became eligible to receive the benefit, they concluded that the amount of the attorney fee could not be determined until that time. See *Cox v. Cooper*, Ky., 510 S.W.2d 530 (1974); *Snyder v. Howard's Adm'x*, 251 Ky. 592, 65 S.W.2d 477 (1933). The attorney appeals.

As recognized by the Board and the Court of Appeals, KRS 342.320(1) bases computation of the attorney fee for a successful workers' compensation claim upon certain percentages of the worker's "recovery." Although many of the assertions upon which the attorney's argument rests are correct, we are not persuaded that the definition of "recovery" upon which the Court of Appeals relied was inappropriate for a workers' compensation case. We remain convinced that pursuant to KRS 342.320(1), the amount of an attorney fee must be based upon the amount of benefits that the worker is enti-

tled to receive at the time the fee is awarded. The award of an attorney fee before the worker is entitled to receive any benefits is premature.

We recognize that an attorney's right to a fee becomes vested when the underlying workers' compensation award is made and is not affected by subsequent events such as the possibility that the worker will die before reaching his anticipated life expectancy or that the award will be decreased in a subsequent reopening. See *Elkhorn Stone Company v. Webb,* Ky., 478 S.W.2d 720 (1972); *Jerry's Drive In, Inc. v. Young,* Ky., 335 S.W.2d 321 (1960). We also recognize that when an attorney fee is awarded, future payments necessary to pay the fee vest as a present right. See *Livingston Farm Supply v. Spencer,* Ky., 593 S.W.2d 76 (1979). Finally, we recognize that an attorney has been awarded a fee in instances where the workers' compensation award upon which it is based is offset by other types of payments. See *Ford Motor Company v. Stewart,* Ky. App., 762 S.W.2d 817 (1988); *Warner v. Lexington Roller Mills,* 314 Ky. 1, 233 S.W.2d 988 (1950).

None of the authority upon which the attorney relies in support of the argument that the fee should be based upon the worker's potential recovery controls the present facts. This case does not involve an offset of payments by virtue of another benefit or wage. It does not involve a situation where the worker was entitled to receive benefits in an amount no greater than if he had not been represented by an attorney. See *Vanderpool v. Goose Creek Mining Co.,* Ky., 293 Ky. 719, 170 S.W.2d 32 (1943). Here, the "event" which precluded the claimant from receiving payment of the RIB existed at the time of the award. It was because he continued to work in the coal mining industry that he was entitled to no recovery until such time as he met the conditions set forth in KRS 342.732(1)(a) for payment of the award. For that reason, his recovery under the award could not be determined at the time the award was made. It follows, therefore, that regardless of whether the attorney is entitled to a fee, its amount cannot be determined until the payment of benefits is authorized by KRS 342.732(1)(a), and the fee cannot be deducted from payments made under the underlying RIB award until such payments are made.

The decision of the Court of Appeals is affirmed.

All concur.