**510**

James R. YOCOM, Commissioner of
Labor, etc., Appellant,

v.

Gladys CHAPMAN, etc., et al., Appellees.

Supreme Court of Kentucky.

Oct. 15, 1976.

Earl M. Cornett, Gen. Counsel, Dept. of
Labor, Frankfort, Kenneth E. Hollis, Asst.
Counsel, Dept. of Labor, Louisville, for appellant.

C. Kilmer Combs, Kelsey E. Friend Law
Firm, Baird & Baird, Pikeville, for appellees.

STERNBERG, Justice.

This is a workmen's compensation case.
The sole and only issue, as taken from appellant's brief, is:

"Is a dependent widow of a miner, who
had contracted pneumoconiosis and had
filed a timely workmen's compensation
claim therefor, prior to his death, entitled
to widow's benefits where the decedent
died of a cause or causes unrelated to his
pneumoconiosis?"

Flemon L. Chapman was regularly employed as an underground coal miner for
over thirty years. His last injurious exposure was January 10, 1973, and at all times
thereafter he was unable to work in the
mines. On January 24, 1974, Chapman filed
a claim for permanent total disability by
reason of pneumoconiosis. On March 10,
1974, claimant died from a cause unrelated
to his disability (post-operative shock following surgery for carcinoma of the colon.)
In due time his widow, Gladys Chapman,
who was his only dependent, was made a
party to the proceeding. Proof was duly
taken on the proffered claim, and on August 4, 1975, the Board found that Chapman " * * * filed a valid claim during
his lifetime and that he died on March 10,
1974, leaving surviving his widow, Gladys
Chapman, who was wholly dependent upon
him at his death." Further, the Board
found that Chapman " * * * became
permanently totally disabled on or about
January 10, 1973, as a result of the occupational disease of coal workers' pneumoconiosis and/or silicosis. * * * " Gladys
Chapman, as the dependent widow of claimant, was awarded $47.25 per week for a
period of 425 weeks against the Special
Fund and $15.75 per week for a period of
425 weeks against Chapman's employer or
its insurance carrier.

A petition for review was taken to the
Pike Circuit Court by the Special Fund,
where the award of the Board was affirmed. Hence, this appeal.

Appellant contends that, (1) KRS 342.316 provides the exclusive remedy for disability or death arising out of mining operations, and (2) there is no provision therein for benefits to be paid to the widow where death is from a cause wholly unrelated to the disability complained of. As a result thereof, appellant concludes that the subject claim should be dismissed.

We must bear in mind that this is not a claim for benefits as a result of death. It is purely and simply a claim by an employee for permanent total disability which he suffered as a result of the occupational disease of pneumoconiosis. The only relationship of the widow to these proceedings has to do with the person to whom the award of the Board, if any, is to be paid.

■ KRS 342.316 was extensively amended at the regular 1972 session of the General Assembly for the purpose of meeting the pressure of the Federal Black Lung Act. For a historical discussion of the evolution of KRS 342.316, as now in force, see *Maggard v. International Harvester Company,* Ky., 508 S.W.2d 777 (1974).

KRS 342.316(4) provides:

"The amount of compensation payable for disability due to occupational disease * * *, and the time and manner of its payment, shall be the same as provided for accidental injury * * * under the general provisions of the workmen's compensation act, * * *."

■ The applicable provisions of the Workmen's Compensation Act are found in KRS 342.730. Chapman's injury, which the Board found to be permanent total, was compensable pursuant to the provisions of subsection (1)(a) thereof. It provides:

"For total disability, 55 per cent of his average weekly wage during such disability, and two and one-half per cent of his average weekly wage for each dependent up to a maximum of three."

KRS 342.730(4) and (4)(a) provide as follows:

"(4) When an employe, who has sustained disability compensable under KRS 342.730, and who has filed a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid, under an award made before or after such death, for the period specified in this section, to and for the benefit of the persons within the classes at the time of death and in the proportions and upon the conditions specified in this section and in the order named:

(a) To the widow or widower, if there is not child under the age of 18 or incapable of self-support; or"

Chapman having filed a valid claim and having died from causes other than the injury before the expiration of the compensable period, the award should be paid to the widow.

The judgment is affirmed.

All concur.