Patricia SILVERS, widow of Raymond D. Silvers, for herself and for their infant children, Raymond D. Silvers, Jr., Edward Earl Silvers and Melissa Marie Silvers, Appellants,

v.

The MARLEY COMPANY, Employers Mutual Liability Insurance Company and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Jan. 13, 1978.

Rehearing Denied April 7, 1978.

Discretionary Review Denied June 27, 1978.

John Frith Stewart, Rex Dunn, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellants.

William Mellor, Louisville, for appellees.

Before GANT, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This litigation originated in the Workmen's Compensation Board whose opinion and award was reversed by the trial court in an opinion entered July 6, 1977.

In November of 1974, Raymond D. Silvers, filed a workmen's compensation claim for injuries sustained while in the employment of appellee, The Marley Company. Prior to the adjudication, Mr. Silvers died (February 17, 1976) and his widow, Patricia Silvers, was substituted as the party-plaintiff on behalf of herself and the three minor children of the parties. In January of the following year, the compensation board determined that decedent had been 100% occupationally disabled as a result of the injury he had sustained but declined to award income benefits, for death was found not to be work-related. However, the board did order a continuation of benefits to be paid to the widow and children under the provisions of KRS 342.730(4) for a period, during widowhood, commencing February 18, 1976, "[b]ut not to exceed the life expectancy of decedent."

The Jefferson Circuit Court reversed the opinion and award upon the theory that there was no provision in the compensation act requiring an employer to continue payments during the life expectancy of the employee.

The question, as framed by the appellant and amended by appellees, presented for our consideration is whether KRS 342.730(4) provides for the continuation of permanent disability benefits to the dependents of a claimant who died from causes unrelated to his employment where the

statutory "compensable period specified," KRS 342.730(4) is "during such disability," KRS 342.730(1)(a).

The pertinent section (KRS 342.730(4)) of the statute is:

When an employee, who has sustained disability compensable under this section, and who has filed a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid, under an award made before or after such death, for the period specified in this section, to and for the benefit of the persons within the classes at the time of death and in the proportions and upon the conditions specified in this section and in the order named:

(a) To the widow or wholly actually dependent widower, if there is no child under the age of 18 or incapable of self-support; or

(b) If there are both such a widow or widower and such a child or children one-half to such widow or widower and the other half to such child or children; or

(c) If there is no such widow or widower but such child or children, then to such child or children; or

(d) If there is no survivor in the above classes, then the parent or parents wholly or partly actually dependent for support upon the decedent, or to other wholly or partly actually dependent relatives listed in paragraph (g) of subsection (1) of KRS 342.750 or both, in such proportions as the board may provide by regulation.

In essence, appellants argue that since compensation for total disability shall be paid "during such disability" then the phrase "for the period specified in this section" in KRS 342.730(4) should be translated into "for a period of the life expectancy of the deceased workman."

There can be no argument with the proposition that the act under consideration had as its purpose the compensation of a workman for a disability sustained as a result of an employment connected injury. The same holds true for the dependents of one killed as a result of employment. In an effort to fathom the intent of the legislature in its enactment of the subject statute, we consider it helpful to review its definition of disability as found in KRS 342.620(9) which, in abbreviated form, means a decrease of wage earning capacity due to injury or loss of ability to compete for work. As of February 17, 1976, Mr. Silvers's decrease of earning capacity and inability to compete on the labor market was not occasioned by an industrial accident but rather by his non work-connected death. The period of disability lasts only so long as the results of the injury, and they certainly terminate upon death. In other words, Mr. Silvers's disability was extinguished by his death. If compensation is to be paid to dependents under KRS 342.730(4) "for the period specified in this section" and that time is "during such disability" and the disability ceases with death, then so also do the benefits.

The purpose of the last mentioned statute appears to us to provide a means whereby a designated person (dependent) may initiate or continue a claim for disability sustained by a workman in an industrial accident for a period from the date thereof to the time of his death when there has been no adjudication or payment in full has not been made. To hold otherwise would convert any workman's compensation benefits subsequent to the non work-connected death to life insurance benefits. Our conclusion finds support in the phrase contained in the statute, namely, "the income benefits specified and unpaid *at the individual's death.*" (emphasis added). The law does no more than provide a mechanism whereby the death of one disabled does not prevent the collection of the benefits for disability sustained until the time of such death. Moreover there is also provided an order of distribution.

 Appellants urge that life expectancy is the proper limitation upon continuation of benefits and in support thereof state that it is an accepted standard used in the calcu-

lation of lump-sum benefits. This standard apparently comes from the wording of KRS 342.150 which permits commutation to a lump sum of "an amount which will equal the total sum of the probable future payments." Obviously, the life expectancy tables are anticipated in commutation of "probable future payments." Such language does not appear in KRS 342.730(4). We do not intend to provide appellants' statutory amendment to the section under consideration, for the role of the courts in an initial interpretation such as is presented here is spelled out in *Hatchett v. City of Glasgow*, Ky., 340 S.W.2d 248, 251 (1960):

> The courts may supply clerical or grammatical omissions in obscure phrases or language of a statute in order to give effect to the intention of the Legislature, presumed or ascertainable from the context, or to rescue the act from an absurdity. *City of Owensboro v. Noffsinger*, Ky., 280 S.W.2d 517. But where a statute on its face is intelligible, the courts are not at liberty to supply words or insert something or make additions which amount, as sometimes stated, to providing for a *casus omissus*, or cure an omission, however just or desirable it might be to supply an omitted provision. It makes no difference that it appears the omission was mere oversight . . .

There has been a great deal of time devoted to discussions in the briefs by both parties of *Yocom v. Chapman*, Ky., 542 S.W.2d 510 (1976) but that opinion is of little aid in resolving the specific question of legislative intent, for in that appeal there was a definite period of disability involved while in this case, we are requested to *provide* a period of disability.

We agree with the opinion of the Jefferson Circuit Court and accordingly, its judgment is affirmed.

All concur.