Lillian Jeanette AMBURGEY et al., Movants,

v.

DANIEL CONSTRUCTION COMPANY, INC., et al., Respondents.

Supreme Court of Kentucky.

Dec. 4, 1979.

Rehearing Denied Feb. 12, 1980.

John David Preston, Perry & Preston, Paintsville, Kelsey E. Friend, Pikeville, for movants.

William B. Byrd, Paducah, Donald Campbell, Director, Workmen's Compensation Bd., Frankfort, John Riehl, Jr., Gemma M. Harding, Dept. of Labor, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Louisville, for respondents.

AKER, Justice.

This is a workmen's compensation case in which we are presented with the question of whether or not benefits are payable to dependents where an injured employee has filed a valid claim during his lifetime but subsequently dies from causes other than the injury.

We are asked to decide this question in light of KRS 342.730(4) which reads as follows:

"When an employee, who has sustained disability under KRS 342.730, and who has filed or could have timely filed a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid under an award made before or after such death, for the period specified in this section, to and for the benefit of persons within the classes at the time of death and in the proportions and upon the conditions specified in this section and in the order named."

James R. Amburgey injured his back in a job-related accident while in the employment of Daniel Construction Company, Inc., on April 6, 1973. He later filed a claim with the Workmen's Compensation Board but was killed when struck by a train on December 6, 1974, which was prior to an opinion and award of the Workmen's Compensation Board rendered on January 20, 1975, in which the Board awarded Amburgey compensation for his injury in the amount of $81.00 a week for so long as he remained disabled. An appeal was taken to the Calloway Circuit Court which resulted in the case being remanded to the Board for the purpose of taking proof on the cause of decedent's death and its effect on the award and on the question of the entitlement of decedent's dependents to receive the proceeds of that award.

On February 14, 1977, the Board entered an "Opinion and Order Continuing Award" and found that the death of Amburgey was unrelated to his employment. The Board further found Amburgey's dependents to be entitled to a continuation of disability benefits during their widowhood and/or dependency "or the passage of 27.45 years, the

latter being the life expectancy of the decedent, whichever occurs first." This award was affirmed by the Calloway Circuit Court and subsequently reversed by the Court of Appeals of Kentucky. We granted discretionary review.

The question presented to this court has been previously addressed in *Yocum v. Chapman,* Ky., 542 S.W.2d 510 (1976). In *Chapman,* supra, this court extended survivor's benefits to a coal miner's dependents who had filed a valid claim due to his total disability by reason of pneumoconiosis but who died while his claim was pending. The only difference between *Chapman,* supra, and the present case is the difference in duration of the award. In *Chapman* the payable period was limited to 425 weeks, whereas in the present case it has been limited by order of the Board to the widowhood and/or dependency of Amburgey's dependents "or the passage of 27.45 years, the latter being the life expectancy of the decedent, whichever occurs first." If *Chapman* postulates a proper interpretation and application of KRS 342.730(4), and we think it does, then it must follow that the underlying principle would also apply to this case, where the only difference between the two is the duration of the compensable period. The Legislature would not have used the phrase ". . . whether or not accrued or due at his death . . ." in KRS 342.-730(4) if they had not anticipated payments beyond the death of the claimant. The use of the life-expectancy table in workmen's compensation cases is a creation of the Legislature and we find its application here to be appropriate and within the legislative intent.

The decision of the Court of Appeals is reversed and the judgment of the Calloway Circuit Court is affirmed.

All concur.