JEFFERSON COUNTY POLICE MERIT BOARD, Appellant,

v.

Jack ARNOLD; Sam Davis and Jefferson County Lodge # 14 Fraternal Order of Police, Appellees.

Court of Appeals of Kentucky.

Jan. 4, 1980.

Harry E. Sykes, Asst. Jefferson County Atty., Louisville, for appellant.

Richard J. Frockt, Louisville, for appellees.

Before COOPER, GUDGEL and LESTER, JJ.

LESTER, Judge.

This is an appeal from an order granting a permanent injunction prohibiting the Jefferson County Police Merit Board from conducting disciplinary hearings without first giving certain members notice thereof.

Pursuant to KRS 78.410(3), appellees, Arnold and Davis, were elected as patrolmen members of appellant, Merit Board, for the purpose of deciding disciplinary cases only. The pertinent section of the statute provides:

> The members of the county police department shall elect for a two (2) year term two (2) patrolmen of the county police department with a minimum of five (5) years service or more who shall serve as members of the county police force merit board for the purpose of . deciding discipline cases only and who may vote in such cases.

By virtue of the first subsection of the applicable statute, there were four regular members of the Merit Board who handled the routine business of the agency. On December 14, 1978, those members conduct-

ed a disciplinary hearing regarding a dismissed officer, Michael Jones, without notifying the appellees which resulted in their absence. Arnold, Davis and their county F.O.P. Lodge sought and were granted a permanent injunction prohibiting such hearing without the patrolmen members first being given written notice of such a meeting and hence this appeal.

Appellant argues that since the statute does not provide for notification, it is under no duty to furnish such because the provision is "intelligible" on its face and the courts are therefore prohibited from supplying words which would require notice citing *Hatchett v. City of Glasgow*, Ky., 340 S.W.2d 248 (1960). The Merit Board further argues that it, as a courtesy, could provide the notice, or, in the alternative, the policeman requesting review by the board could provide it. We disagree.

By virtue of KRS 78.420(2) in order to conduct a disciplinary hearing four members of the board constitute a quorum, but one of those four must be a patrolman member as provided for in KRS 78.410(3), which means, in the instant case, that the meeting of December 14, 1978, was held by a board composed contrary to law and any action resulting therefrom was void.

When the General Assembly provided that officers "*shall*" serve on the board in disciplinary cases, it meant just that. These patrolmen do not serve as regular members or attend the regular monthly meetings. The Legislature did not anticipate that four members would attempt to circumvent its mandate by holding a meeting without informing those who were essential to carry out the purpose of the hearing.

Appellant argues that it is not the proper function of the courts to provide an amendment to a statute citing *Silvers v. Marley Co.*, Ky.App., 566 S.W.2d 767 (1978), where we refused to extend the term "during such disability" to mean "life expectancy." Our view, at that time, was that we would have extended the substance of the statute (KRS 342.730(4)) unlike the present case where we are attempting to enforce the intent of

the legislature in insuring the presence of a patrolman at a disciplinary hearing of the Merit Board as is required by KRS 78.410(3) and 78.420(2). Interestingly enough, *Silvers, supra,* has been reversed, indirectly, in *Amburgey v. Daniel Construction Co., Inc.,* Ky., 592 S.W.2d 141 (1979), wherein the Supreme Court interpreted the statute as providing a meaning which we refused to do in *Silvers.* Thus, *Silvers* provides no authority for appellant insofar as statutory interpretation is concerned.

The judgment is affirmed.

All concur.