**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,**

**v.**

**Nedd F. DOOLIN, Deceased, Mary Doolin, Widow; Peabody Coal Company; and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

May 2, 1980.

Rehearing Denied June 27, 1980.

Gemma M. Harding, Deputy Gen. Counsel for Appeals, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

John E. Anderson, Cole, Cole & Anderson, Barbourville, for appellees Nedd F. Doolin, deceased, and Mary Doolin, widow.

Peter J. Glauber, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee Peabody Coal.

Before BREETZ, WILHOIT and WINTERSHEIMER, JJ.

BREETZ, Judge.

In 1976 Nedd Doolin was awarded maximum workmen's compensation benefits of $65.00 per week for 425 weeks. This award was for total and permanent disability resulting from the occupational disease of pneumoconiosis. His last harmful exposure to the disease occurred in 1974.

Nedd died on September 6, 1978 but his death did not result from the occupational disease. His widow was awarded continuation benefits of $65.00 per week for the balance of the 425 weeks. In making its award to the widow, the board relied upon *Yocom v. Chapman*, Ky., 542 S.W.2d 510 (1976).

The Special Fund, contending that *Chapman v. Eastern Coal Corporation*, Ky., 519 S.W.2d 390 (1975) requires that the widow's benefits be computed under the pre-1972 Workmen's Compensation Act, appealed asking that the award be reduced to $59.00 per week *and* that its duration be for 400 weeks from August 14, 1974, with a credit for all amounts previously paid to Nedd prior to his death. The court refused to alter the award of the board and, hence, this appeal.

We hold that the widow's benefits must be calculated under the pre-1972 Workmen's Compensation Act and that they are to be computed in accordance with KRS 342.111 and KRS 342.070. *Yocom v. Dotson*, Ky.App., 27 Ky.L.Summ.—(May 2, 1980).

Because the Special Fund and the former employer argue that under the pre-1972 act both the amount and duration of the widow's benefits must be decreased, we expand the holding of *Yocom v. Dotson* to delineate how the award is to be computed under the former statutes.

KRS 342.111 was entitled "Continuance of disability payments upon death of employe" and in subsection (2) it provided:

The total amount paid and payable to the decedent and his dependents shall not exceed the amount now payable for death at the average weekly wage of the decedent at the time of his injury, and the weekly payments to the dependents shall not exceed the sum provided in KRS 342.-070.

Subsection (5) of KRS 342.070 limited the maximum weekly benefits payable for death to 50% of 85% of the average weekly wage of the state. Therefore, under the pre-1972 act, the amount of the widow's weekly benefits must, in this case, be reduced to $59.00.

The argument of the Special Fund and the employer that the benefits should be reduced to 400 weeks, with credit for all amounts previously paid, is predicated upon KRS 342.070(1) [reduction to 400 weeks] and KRS 342.070(4) [with credit for benefits previously paid]. The first paragraph of KRS 342.070 clearly stated that it applied only if death resulted "within two years from an accident . . ., or from an occupational disease". Nedd died some four years after his last harmful exposure, and his death was not a result of pneumoconiosis. Therefore, subsections (1) and (4) of KRS 342.070 do not have any application to the case at bar.

The duration of the widow's benefits in this case should have been determined under KRS 342.111(1) which vested the dependents of the deceased employee with the right to claim all of the weekly benefits that the employee would have received had he not died. It specifically stated:

When an employe, who has been awarded disability compensation . . ., shall die from any cause, whether or not related to the injury or the occupational disease, . . . then the dependents of the deceased employe shall be allowed and paid *all* allowed and unpaid awards made to such employe. (Emphasis supplied)

and concluded:

Provided, however, That the number of weekly payments to be paid to the dependents *shall* be the number of weeks remaining after deducting the number of weekly payments made to the decedent

from the number of weeks allowed in the original award. (Emphasis supplied)

The clear language of KRS 342.111(1) requires that the duration of the widow-dependent's benefits be the balance of the 425 weeks which had been awarded to her husband.

We perceive the language of KRS 342.-111(2), ". . . the weekly payments to the dependents shall not exceed the sum provided in KRS 342.070", as affecting only the amount of the weekly benefits and not their duration. To the extent that the 400 weeks mentioned in KRS 342.070(1) may be in conflict with the clear mandate of KRS 342.111(1), the conflict must be resolved in favor of the widow in view of our duty to construe the act liberally on questions of law.

Accordingly, the judgment is reversed with directions that the appeal be remanded by the lower court to the Workmen's Compensation Board for entry of an award consistent with this opinion.

All concur.