James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Sadie S. DOTSON, Widow of James E. Dotson, Deceased; Johns Creek Elkhorn Coal Corporation; and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

May 2, 1980.

Rehearing Denied July 11, 1980.

Discretionary Review Denied Nov. 18, 1980.

Gemma Harding, Asst. Counsel, Dept. of Labor, Denis S. Kline, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

R. Roland Case, Kelsey E. Friend Law Firm, Pikeville, for appellee Sadie S. Dotson.

Joseph W. Justice, Pikeville, for appellee Johns Creek Elkhorn Coal Corp.

Before BREETZ, GUDGEL and HOWARD, JJ.

GUDGEL, Judge.

This is an appeal by the Special Fund from a judgment of the Pike Circuit Court. The sole issue is:

Whether in coal workers' pneumoconiosis cases where the workman's last injurious exposure occurred on and after January 1, 1973, benefits payable the surviving spouse of that workman are required to be computed pursuant to the statutes which existed prior to the enactment of the 1972 amendments to the Workmen's Compensation Act, rather than pursuant to the more favorable provisions of KRS 342.730, the present law.

The Workmen's Compensation Board and the circuit court determined that KRS 342.-730 governs computation of such benefits. We disagree and reverse.

James E. Dotson, the deceased husband of appellee, Sadie S. Dotson, received an award of benefits for pneumoconiosis on April 5, 1976. Mr. Dotson's last harmful exposure to the disease occurred on March 23, 1973. He was awarded benefits in the amount of $63.00 per week for a period of 425 weeks.

Under normal circumstances, Mr. Dotson's award would have been computed under KRS 342.730, since that statute was in effect on the date of his last harmful exposure. *Maggard v. International Harvester Company*, Ky., 508 S.W.2d 777 (1974). However, Mr. Dotson's benefits were awarded pursuant to KRS 342.095, because although that statute was repealed by the Acts of 1972, Section 37 of Chapter 78, Acts of 1972, provided that the effective date of KRS 342.730 would be deferred until such time as the federal black lung benefit program was repealed or expired. Section 37 provided:[1]

This Act shall be effective on January 1, 1973; and effective for all claims filed on and after January 1, 1973; provided, however, that in the event federal law specifies that claims covered by provisions of this Act shall be filed with a federal agency such claims shall continue to be filed as required by the federal law until repeal or expiration of the federal law requiring same; then, in that event, the increase in benefits provided herein shall not apply to those claims where benefits are awarded under the federal law. The benefits under the present law KRS Chapter 342 shall apply to those claims. (Emphasis added).

On March 27, 1973, when Mr. Dotson's last exposure to pneumoconiosis occurred, black lung claims could still be filed by Kentucky miners with the United States Department of Labor. Mr. Dotson did in fact take advantage of the federal program. He was eligible for federal benefits by reason of the fact that the Secretary of the Department of Labor had not yet listed Kentucky (or any other state) as providing "adequate coverage for pneumoconiosis," and this had the effect of extending the federal black lung program. *Fugate v. United States Steel Corporation*, Ky., 528 S.W.2d 691, 693 (1975); 30 U.S.C. § 931(b)(1). Therefore, the Board's award of benefits to Mr. Dotson pursuant to KRS 342.095 was proper. All parties to this appeal concede this point.

---

1. This section was repealed by § 12, Chapter 160, Acts of 1976 and re-enacted as KRS 342.-800. Therefore, the scope of our decision here is limited to cases where the exposure to the disease last occurred not later than June 30, 1976. We do not pass upon the provisions of KRS 342.800 or the amount of benefits payable pursuant to that statute.

Mr. Dotson died on January 22, 1978, and his widow, the appellee, filed a claim for the remainder of his unpaid benefits. The Board entered an Opinion and Award on April 9, 1979, allowing the claim. It awarded her benefits equal to the benefits her husband had received ($63.00 per week, for the remaining weeks of the 425 week term). In an appeal to the circuit court, the Special Fund argued that Mrs. Dotson's benefits, like her husband's should have been computed under the applicable pre–1972 statutes, which in her case were KRS 342.070 and KRS 342.111. The circuit court disagreed with the Special Fund and affirmed the Board's award. This appeal followed.

The Special Fund contends that *Chapman v. Eastern Coal Corporation*, Ky., 519 S.W.2d 390 (1975), is controlling. In *Chapman*, the court upheld the constitutionality of Section 37, and following *Maggard, supra*, held that KRS 342.095 governed the amount of benefits payable. The Special Fund reasons that since KRS 342.095, the pre–1972 statute, governed Mr. Dotson's claim, the pre–1972 statutes governing widow's benefits, KRS 342.070 and KRS 342.-111, are applicable to his widow's claim.

Appellee, on the other hand, relies upon *Yocom v. Chapman*, Ky., 542 S.W.2d 510 (1976), in which the court seemed to hold that a widow's benefits should be computed pursuant to KRS 342.730. However, the sole issue considered by the court in *Yocom v. Chapman* was whether a widow was entitled to receive widow's benefits for pneumoconiosis where her husband filed a timely claim for them prior to his death, and died from an unrelated cause. The issue of which statute governed computation of benefits was not briefed or argued. This is obvious from reading the court's opinion and appellee conceded this point at oral argument. Therefore, *Yocom v. Chapman* is not dispositive of the issue presented in this appeal.

We believe that the decisions in *Maggard, supra* and *Chapman v. Eastern Coal Corporation, supra*, are controlling, and that appellee's benefits, like her husband's, must be computed pursuant to the old benefit statutes, which were repealed by the 1972 amendments to the Workmen's Compensation Act. We reach this conclusion because we are unable to distinguish between a coal worker's claim for benefits and his widow's claim for the benefits remaining unpaid at his death. In both instances, the claimant is making a "claim" for benefits, and the legislature has mandated that such a claim must be computed pursuant to the pre–1972 law, and not pursuant to the more favorable provisions of KRS 342.730.

We are not persuaded, as argued by appellee, that Section 37 only applies to the coal worker's claim, and not his widow's claim for the remainder of his benefits. It is true that Section 37 does not expressly provide that a widow's benefits must be reduced pursuant to previous law. Likewise, it does not expressly prohibit a widow from succeeding to the same rights as her husband had. Nevertheless, as we read *Maggard, supra* and *Chapman v. Eastern Coal Corporation, supra*, the result urged by the Special Fund is inescapable. Were we to hold that a widow could succeed to the same rights her husband had, we would be permitting her to recover more than the pre–1972 law allowed. We are unwilling to conclude that the legislative intent embodied in Section 37 of the Acts of 1972 was intended to provide more rights and benefits to a widow than it provided the worker suffering from the disease. As we read Section 37, it was intended to defer payment of any increased benefits, whether the claimant is a coal miner or his widow.

Accordingly, we hold that a widow's claim for the remainder of her husband's benefits for coal worker's pneumoconiosis, where he was last exposed to the disease on or after January 1, 1973, but before July 1, 1976 must be computed pursuant to KRS 342.070 and KRS 342.111. The Board and the circuit court, therefore, erred by awarding appellee benefits pursuant to KRS 342.-730.

The judgment is reversed and remanded to the circuit court, with directions to remand the case to the Workmen's Compensation Board for further proceedings consistent with this opinion.

HOWARD, J., concurs.

BREETZ, J., concurs by separate opinion.

BREETZ, Judge, concurring.

I agree that the widow's benefits are to be computed under the pre–1972 act but I would not remand to the board for it to make the computation. I would direct that the benefits be reduced to $57.00 per week for the balance of the 425 weeks for the reasons expressed in *Yocom v. Doolin*, Ky. App., 600 S.W.2d 462 (1980).