Nannie TACKETT, Executrix of
the Estate of Alvin Tackett,
Deceased, Appellant,

v.

BETHENERGY MINES, INC.; Special
Fund; and Workers' Compensation
Board, Appellees.

Joyce MULLINS, Administratrix
of Carlos Mullins Estate,
Appellant,

v.

CANADA COAL COMPANY; Special
Fund; and Commonwealth of Kentucky, Workers' Compensation Board,
Appellees.

Nos. 92–SC–374–WC, 92–SC–483–WC.

Supreme Court of Kentucky.

Nov. 19, 1992.

As Corrected Dec. 4, 1992.

Eddy Coleman, Pikeville, for appellants.

A. Stuart Bennett, Jackson & Kelly, Lexington, for Bethenergy Mines, Inc. and Canada Coal Co.

Denis S. Kline, William Elam, Peter J. Naake, Labor Cabinet–Special Fund, Louisville, for Special Fund.

## OPINION OF THE COURT

Alvin Tackett was employed in the mining industry for over thirty years, the last eighteen of which were with Bethenergy Mines, Inc. (Bethenergy). He was employed by Bethenergy until February 12, 1988, when he died from a nonwork-related acute myocardial infarction. At that time he had no pending claim for workers' compensation benefits. After his death, Nannie Tackett, his widow, as the executrix of his estate, filed an application for workers' compensation benefits, alleging that Alvin had contracted coal workers' pneumoconiosis and had suffered a permanent, total disability therefrom.

Carlos Ray Mullins was employed by Canada Coal Company, Inc. when he died from causes unrelated to his employment on July 7, 1988. Joyce Mullins, both as his widow and as executrix of his estate, filed an application for compensation benefits, alleging that Carlos had contracted coal workers' pneumoconiosis prior to his death.

In both cases the parties submitted memoranda regarding the applicability of *Bethenergy Mines, Inc. v. Easterling*, Ky.App., 776 S.W.2d 842 (1989). In their memoranda, Mrs. Tackett and Mrs. Mullins argued that the case did not apply because, in each case, the worker's last injurious exposure occurred after the effective date of the 1987 Workers' Compensation Act. They also asserted that, unlike the situation in *Easterling, supra*, a worker entitled to a retraining incentive benefit under KRS 342.732(1)(a) may continue to work, and nonetheless be entitled to receive the bene-

fit. Their argument was that because a worker could have claimed the benefit during his lifetime, his widow should receive a survivor's benefit pursuant to KRS 342.-730(3). Although they filed their claims as executrix, they did not argue that their husbands' estates were entitled to the benefit.

The employers argued that because neither worker was disabled, neither could have filed a disability claim before his death as is required by KRS 342.730(3). *Easterling, supra*. A retraining incentive benefit, to which Mrs. Tackett and Mrs. Mullins claim their husbands were entitled, is neither an income nor a disability benefit and is, therefore, not within the provisions of KRS 342.730(3). Furthermore, KRS 342.732(1)(a) requires X-rays and pulmonary function studies to support a claim for retraining incentive benefits and contains no provision allowing the substitution of autopsy slides of lung tissue. Neither X-rays nor pulmonary function tests were submitted in these cases. Therefore, both widows failed to establish that their husbands, were they alive, were entitled to a benefit under KRS 342.732(1)(a) or any other subsection of KRS 342.732.

The ALJ dismissed the claims, not on the basis of *Easterling, supra*, but because retraining incentive benefits are awarded under KRS 342.732(1)(a). Survivors' benefits, as awarded under the pre–1990 version of KRS 342.730(3) that applied to these claims, were limited to benefits for disabilities compensable under that "section." Therefore, the benefits were not available for claims, such as the ones herein, which were compensable under KRS 342.732, a different section of the act. In the Tackett case, the ALJ also noted that although the claim was filed by Mrs. Tackett, as executrix, counsel had argued only for survivors' benefits and not for benefits due to Mr. Tackett's estate. Nonetheless, the ALJ ruled that the estate was not eligible to collect benefits, since none were due and owing to Mr. Tackett at the time of his death. Although Mrs. Mullins had filed her claim both as widow and executrix, she had argued her claim only as one for sur-

vivors' benefits, and the ALJ did not address the possibility of a claim by Mr. Mullins' estate. No petition for reconsideration or request for specific findings was filed in either case.

In their briefs to the Board, both Mrs. Tackett and Mrs. Mullins ignored the basis for the ALJ's dismissal and repeated the arguments previously made. They also argued that whatever claim each worker had at his death was payable to his estate pursuant to *Young v. Bentley*, Ky., 449 S.W.2d 755 (1970). In each case, the Board affirmed the decision of the ALJ, and the Board's decision was, in turn, affirmed by the Court of Appeals.

In *Stephens v. Denairo Mining Co., Inc.*, Ky., 833 S.W.2d 383 (1992), this Court addressed the continuation of retraining incentive benefits to the survivors of a deceased coal miner, pursuant to KRS 342.730(3). We ruled that the pre–1990 version of KRS 342.730(3) applied only to awards of income benefits made pursuant to KRS 342.730 and not to awards made pursuant to KRS 342.732. We also ruled that both the present and the pre–1990 versions of KRS 342.730(3) encompass only income benefits awarded because a worker has sustained an occupational disability. KRS 342.732(1)(a) does not require the recipient of a retraining incentive benefit to have sustained a functional impairment or an occupational disability. Therefore, neither the present nor the pre–1990 version of KRS 342.730(3), the version which applied in the present case, authorizes either the award or the continuation of a retraining incentive benefit to the worker's survivors after his death.

Any claim which a deceased worker's estate might have derives from a valid claim by the worker. Because it has not been demonstrated that either worker herein was occupationally disabled by pneumoconiosis at the time of his death, a retraining incentive benefit is the only pneumoconiosis benefit for which either worker might have qualified. KRS 342.732(1)(a). In *Eastern Coal v. Blankenship*, Ky., 813 S.W.2d 808 (1991), we discussed the retraining incentive benefit and noted that the apparent purpose of the benefit was to encourage workers with category 1 disease to further their education with the goal of seeking employment outside the mining industry and to help workers avoid becoming occupationally disabled. We also decried the contradictory nature of a statutory scheme that failed to require that the benefit be paid only to those workers who were engaged in retraining. While a living worker may, at some point, fulfill the purpose of KRS 342.732(1)(a) by using the funds obtained from the benefit to further his education, there is no question that after the worker's death it would be impossible for him to do so. In the instant case, neither of the workers applied for or was awarded a retraining incentive benefit during his lifetime. Because the benefit does not begin to accrue until the award of the benefit by the ALJ becomes final, no benefits were due and owing to either of these workers at his death. KRS 342.316(1)(b). Accordingly, no benefits were due to either worker's estate.

The Administrative Law Judge properly dismissed the claims herein, regardless of whether they are considered as claims for survivors' benefits or as claims by the estates of the deceased workers. The decision of the Court of Appeals in each of these cases is hereby affirmed.

All concur.