**ADVANCE ALUMINUM COMPANY and Vicki G. Newberg, Acting Director of Special Fund, Appellants,**

v.

**Shannon K. LESLIE, Adm'x and Widow of Everette Leslie, Deceased; Walter W. Turner, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 93–SC–376–WC.**

Supreme Court of Kentucky.

Jan. 31, 1994.

G. Phillip Williams, Carole Meller Pearlman, Williams & Wagoner, Louisville, for appellant Advance Aluminum Co.

Mark C. Webster, Louisville, for appellant Newberg.

Daniel Caslin, Owensboro, for appellee Leslie.

## OPINION OF THE COURT

In this workers' compensation case, the issue is whether KRS 342.730(3) authorizes the continuation of disability benefits to dependents of a deceased worker who died from causes ·unrelated to the employment when the award is for total disability and is therefore to be paid "during such disability." KRS 342.730(1)(a).

Decedent, Everette Leslie, injured his back at work on March 19, 1987. Decedent was married on May 10, 1989, and filed a claim for workers' compensation on May 22, 1989. On June 13, 1989, and before an award was rendered, Mr. Leslie committed suicide. His widow was substituted as party-plaintiff.

The Administrative Law Judge (ALJ) held that Mr. Leslie's death was not work-related and therefore death benefits pursuant to KRS 342.750 were inappropriate. The ALJ also considered KRS 342.610(3) which provides that "liability for compensation shall not apply where the injury, occupational disease, or death to the employee was proximately caused primarily by his intoxication or by his willful intention to injure or kill himself or another." The ALJ concluded that KRS 342.610(3) did not bar claim since,

by its plain words the statute is intended to address the situation where the injury or death giving rise to the workers' compensation action was proximately caused by the worker's willfull (sic) intention to kill himself rather than to facts *sub judice* wherein the worker committed suicide after liability to the injury had already attached.

The ALJ awarded continuation benefits pursuant to KRS 342.730(3) which authorizes the payment of a portion of the award to certain classes of survivors when the employee dies from causes unrelated to the occupational injury. The ALJ found that prior to his death, decedent was 100% occupationally disabled due to the back injury, and therefore his widow would received 50% of the rate specified in the award for a period equal

to his life expectancy or to terminate upon her remarriage.

On appeal, the Workers' Compensation Board (Board) affirmed the award. The Board reviewed the argument that KRS 342.-610(3) barred an award of compensation since decedent had committed suicide. The Board agreed with the ALJ that that statute simply did not govern in this case since the compensable condition (i.e. back injury) was not proximately caused by the suicide.

The Board also carefully reviewed the evidence and concluded that there was sufficient evidence to support the ALJ's decision that decedent was 100% occupationally disabled due to the back injury. *Special Fund v. Francis,* Ky., 708 S.W.2d 641 (1986).

The Court of Appeals affirmed the Board. Regarding the application of KRS 342.610(3), the court distinguished *Wells v. Harrell,* Ky.App., 714 S.W.2d 498 (1986), and explained as follows:

*Wells* does not hold that KRS 342.610 is necessarily a bar where a claimant's subsequent suicide is unrelated to his otherwise compensable work-related injury. Instead, KRS 342.610 applies only where a claimant's work-related injury, whether fatal or not, was proximately caused by her willful intention to so injure or kill herself.

We agree with the conclusions reached below. Appellant insists that KRS 342.610(3) has been rendered meaningless. We disagree. The special defense provided by KRS 342.610(3) encompasses situations including horseplay, intoxication, or other employee conduct shown to have been an intentional, deliberate action with a reckless disregard of the consequences either to himself or to another. *See Kentucky Jurisprudence Workers' Compensation.,* William S. Haynes, § 11:2 through § 11:5. Appellants maintain that if KRS 342.610(3) does not apply to bar the continuation of a deceased worker's award after non-work-related suicide, the statute never operates to bar a claim in the case of suicide.

Clearly, the focus must be upon the compensable condition itself. Here, that was the back injury, which as found by the ALJ, was completely unrelated to decedent's subse-

quent suicide. Therefore, the benefits awarded were for that injury, and death benefits were appropriately denied since the suicide was not work-related. In this case, whether decedent died from a heart attack or due to the suicide, his benefits were properly continued pursuant to KRS 342.730(3) once it was determined that the back injury was work-related and death was not work related.

█ Had it been determined that the suicide was legitimately work related, death benefits pursuant to KRS 342.750 would be appropriate. A chain-of-causation rule for determining whether a suicide is legitimately caused by work and is therefore compensable is followed in the majority of jurisdictions and was adopted in *Wells v. Harrell,* Ky. App., 714 S.W.2d 498 (1986). According to this rule, an employee's suicide is compensable if (1) the employee sustained an injury which itself arose in the course of and resulted from covered employment; (2) without that injury the employee would not have developed a mental disorder of such a degree as to impair the employee's normal and rational judgment; and (3) without that mental disorder, the employee would not have committed suicide.

█ In response to appellant's query: when is KRS 342.610(3) a defense barring compensation for suicide—the answer lies in what condition is being compensated. If, as in this case, the compensable condition is a work-related back injury and the suicide is unrelated to that injury, then the suicide is irrelevant and benefits may be continued pursuant to KRS 342.730(3). If, pursuant to the chain-of-causation rule, the suicide is work-related, then KRS 342.750 governs. If, however, a mental condition resulting in a suicide is proximately caused by non-work-related injuries or personal problems, or where a worker attempts to manufacture a workers' compensation claim by inflicting harm, KRS 342.610(3) bars the claim.

Appellants also request this Court to reexamine *Amburgey v. Daniel Constr. Co.,* Ky., 592 S.W.2d 141 (1979). In that case an injured employee filed a valid workers' compensation claim during his lifetime. The worker died from causes unrelated to his work. He was awarded $81.00 a week for so long as he remained disabled. His dependents were awarded continuation benefits pursuant to KRS 342.730(4) [now (3) ] for the remainder of the workers' life expectancy.

Appellants assert that *Amburgey* is in conflict with *Silvers v. Marley Co.,* Ky.App., 566 S.W.2d 767 (1978). In *Silvers* the Court of Appeals held that KRS 342.730(3) permits the continuation of an award to the dependents for the "compensable period specified" and when the specified period is "during such disability," that period ends at death. In other words, the court in *Silvers* applied KRS 342.730(3) so that continuation benefits were awarded from the date of injury only until the date of death. However, these benefits accrued during the worker's lifetime and are due the worker's estate. *See Tackett v. Bethenergy Mines, Inc.,* Ky., 841 S.W.2d 177 (1992). For KRS 342.730(3) to have any application, it must be possible for benefits to be paid after death.

In *Livingston County Farm Supply, Inc. v. Spencer,* Ky., 593 S.W.2d 76 (1979), the Court noted that *Amburgey* eviscerated *Silvers.* We are not inclined to disturb the *Amburgey* decision. *See also, Yocom v. Chapman,* Ky., 542 S.W.2d 510 (1976).

The decision of the Court of Appeals is affirmed.

All concur.

STUMBO, J., not sitting.