Ruby BOWLING, Widow of Wayne T. Bowling—Deceased, Appellant,

v.

SPECIAL FUND; Vicki G. Newberg, Acting Director of Special Fund; Dwight T. Lovan, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 93–SC–846–WC.

Supreme Court of Kentucky.

June 23, 1994.

Ronald K. Bruce, Madisonville, for appellant.

Mark C. Webster, Labor Cabinet—Special Fund, Louisville, for appellees Special Fund and Newberg.

## OPINION OF THE COURT

The issue in this workers' compensation case is whether decedent's claim for income benefits due to coal miners' pneumoconiosis, KRS 342.732(1)(b), can be continued after the worker's death pursuant to KRS 342.730(3) when the date of last exposure was June 30, 1989.

By way of historical clarification, before the pneumoconiosis statute was enacted income benefits were awarded exclusively under KRS 342.730. Accordingly, subsection (3) of KRS 342.730 authorized the award of survivors' benefits when the employee had sustained disability compensable under "that section." In 1987, KRS 342.732 was enacted to separately authorize and direct income and retraining benefits for occupational pneumoconiosis. However, it was not until 1990 that KRS 342.730(3) was amended, substituting the word "chapter" for "section," and thereby authorizing survivors' benefits in claims for income benefits arising under KRS 342.732.

In two cases we have considered the relationship between the provision for survivors' benefits contained at KRS 342.730(3) and claims arising under KRS 342.732 with a date of last exposure between October 28, 1987 (the date KRS 342.732 was enacted) and July 13, 1990 (the date KRS 342.730(3) was amended). It is during that period that KRS 342.730(3) remained limited to disability compensable under that "section," although disability for occupational pneumoconiosis was then compensable under the new provision.

*Stephens v. Denario Mining Co.*, Ky., 833 S.W.2d 383 (1992), involved an award of retraining incentive benefits (RIB) in a claim that arose on November 4, 1987. We held that KRS 342.730(3), under the pre-amended or the amended version, only encompasses awards of income benefits. RIB are not income benefits and therefore such awards may not be continued.

In *Tackett v. Bethenergy Mines, Inc.*, Ky., 841 S.W.2d 177 (1992), we also held that RIB could not be continued after the worker's death because KRS 342.730(3) only authorizes survivors' benefits in awards of income benefits. Both of these opinions contain discussions regarding the limiting nature of the word "section." However, the cases turned upon the fact RIB are not income benefits, and only awards of income benefits may be continued after the worker's death. There was no discussion of whether the 1990 amendment to KRS 342.730(3) could be applied to claims involving income benefits for pneumoconiosis which arose before its effective date because that was not an issue presented in those cases nor was it a factor in the ultimate resolution of whether awards of RIB could be continued.

In *Peabody Coal Co. v. Gossett,* Ky., 819 S.W.2d 33 (1991), we stated that when an amendment is remedial, it does not come within the legal conception of a retrospective law nor the general rule against the retrospective operation of statutes. Quoting from 73 Am.Jur.2d *Statutes* § 354 (1974), we endorsed the principle that a "remedial statute must be so construed as to make it effect the evident purpose for which it was enacted, so that if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied...."

It is abundantly clear that the 1990 amendment to KRS 342.730(3) was to correct an ambiguity. As is evidenced by the amendment itself, the legislature did not intend to treat the survivors of workers awarded income benefits under KRS 342.732 differently than those awarded income benefits under KRS 342.730. Clearly then, those classes should not be treated disparately because their claims arose between October of 1987, and July of 1990. See, *Newberg v. Davis,* Ky., 867 S.W.2d 193 (1993).

In the case at bar, decedent was last exposed to the hazards of coal dust on June 30, 1989. He died of causes unrelated to his employment on October 15, 1989. Prior to his death, chest x-rays and breathing studies were conducted. Based upon that evidence the Administrative Law Judge (ALJ) held, in the claim filed by decedent's widow, that decedent would have been entitled to tier two income benefits for occupational pneumoconiosis pursuant to KRS 342.732(1)(b). The ALJ concluded that claimant was entitled to receive survivors benefits pursuant to KRS 342.730(3)(a).

The Workers' Compensation Board (Board) reversed the ALJ and held that the legislature intentionally or otherwise eliminated a widow's entitlement by enacting KRS 342.732 and not amending KRS 342.730(3) to correspond, at least for the period from 1987 until the correction via the 1990 amendment.

In a split decision, the Court of Appeals affirmed the decision of the Board. We must agree with the reasoning of the dissent filed by Judge McDonald, that the amended language sought to cure an ambiguity of KRS 342.730 and remedy a situation where the statute might possibly be construed so as to irrationally exclude classes of individuals from receiving benefits who would otherwise be entitled to such benefits and whom the legislature never intended to exclude.

Under these circumstances we believe the amendment to KRS 342.730(3) substituting the word "chapter" for "section" applies to claims for income benefits pursuant to KRS 342.732 which arose on or after October 28, 1987. Our holding today in no way compromises our previous rulings that KRS 342.730 does not authorize awards of survivors' benefits in claims for benefits other than income benefits.

The decision of the Court of Appeals affirming the Board is reversed. The decision of the ALJ awarding claimant survivor's benefits according to KRS 342.730(3)(a) is hereby reinstated.

All concur.