**FEDERAL MATERIALS COMPANY, Appellant,**

v.

**Donna Sue BAKER, Widow of Glenn O. Baker—Deceased; Larry Beale, Director of Special Fund; and Workers' Compensation Board, Appellees.**

**No. 94–SC–391–WC.**

Supreme Court of Kentucky.

Oct. 27, 1994.

E. Frederick Straub, Jr., Paducah, for appellant.

William E. Taylor, Taylor & Granner, Paducah, for appellee Donna Sue Baker, Widow.

Joel D. Zakem, Labor Cabinet—Special Fund, Louisville, for appellee Beale.

## OPINION OF THE COURT

The issue in this case is what effect the amendment to KRS 342.730(3)(a) has upon the continuation of benefits to the surviving spouse, claimant herein. On July 24, 1984, Glenn Baker sustained a work-related injury. On October 26, 1987, the amendment to KRS 342.730(3)(a), which reduces a surviving spouse's share from 100% to 50% of the worker's award, became effective. On March 7, 1988, Glenn Baker was awarded benefits for 100% occupational disability. In July of 1988 he died of causes unrelated to his compensable injury, survived by his widow, the claimant.

The employer, Federal Material Company, filed a motion to reopen for a determination of whether claimant was entitled to 100% of the decedent's award or, according to the amended version of the statute, 50% of the award. The Administrative Law Judge (ALJ) recognized that benefits were fixed pursuant to the law in effect at the time of the injury according to *Yocom v. Dotson,* Ky.App., 607 S.W.2d 121 (1980) and *Maggard v. International Harvester Co.,* Ky., 508 S.W.2d 777 (1974), and therefore claimant was entitled to 100% of decedent's award. The ALJ's decision has been affirmed by the Workers' Compensation Board (Board) and the Court of Appeals.

■ There is no question that the law in effect at the time of the injury controls. We revisited this issue in *Newberg v. Davis,* Ky., 867 S.W.2d 193 (1993), and we believe our conclusion was accurate and logical. While the question of which survivors comprise the class of recipients of a continuation award must by necessity be determined at the time of the death of the worker, *Palmore v. Jones,* Ky., 774 S.W.2d 434 (1989), the award of benefits is, as always, controlled by the law in effect at the time of the injury.

■ The only remaining question is whether the amendment may be applied to claims which arose before its effective date because it is remedial legislation and therefore not governed by the general rule against a retrospective law. In *Peabody Coal Co. v. Gossett,* Ky., 819 S.W.2d 33 (1991), we adopted the following standard from 73 Am. Jur.2d, *Statutes* § 254 (1974).

A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or which creates a new obligation and imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past. Therefore, despite the existence of some contrary authority, remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of remedy or confirmation of such rights, do not normally come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. In this connection it has been said that a remedial statute must be so construed as to make it effect the evident purpose for which it was enacted, so that if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied although the statute does not in terms so direct, unless to do so would impair some vested right or violate some constitutional guaranty. 73 Am. Jur.2d *Statutes* § 354 (1974) (Footnotes omitted.)

In *Newberg v. Davis,* we considered a separate amendment to KRS 342.730(3) which corrected an illogical and obviously unintended limitation upon the group of survivors which could continue to receive a deceased worker's award. Under those circumstances, and in view of the beneficent purpose of the Act, we held that the *Gossett* standard permitted retrospective application of the remedial amendment. In that instance, retrospective application of the remedial legislation effectively broadened the scope of the Act.

In this case, application of the amendment would decrease the claimant's award by 50%,

and we believe this is just the sort of law which violates the general rule against retrospective application. Although the identity of the class of dependents or survivors was not formed until Mr. Baker's death, their rights (or potential rights) vested at the time of his injury and may not be impaired by the retrospective application of this amendment. For this reason, the amendment under consideration is not remedial and must be applied prospectively.

The decision of the Court of Appeals is affirmed.

All concur.