Phyllis WILLIAMSON, Widow/Dependent of Avery Williamson, Deceased; and Phyllis Williamson, Administratrix of the Estate of Avery Williamson, Deceased, Appellants,

v.

ISLAND CREEK COAL COMPANY; Vicki G. Newberg, Acting Director of Special Fund; Hon. Richard H. Campbell, Jr., Administrative Law Judge; and Kentucky Workers' Compensation Board, Appellees.

Vicki G. NEWBERG, Acting Director of Special Fund, Cross–Appellant,

v.

Phyllis WILLIAMSON, Widow/Dependent of Avery Williamson, Deceased; and Phyllis Williamson, Administratrix of The Estate of Avery Williamson, Deceased; Island Creek Coal Co.; Hon. Richard H. Campbell, Jr., ALJ; and Workers' Compensation Board, Cross–Appellees.

Nos. 93–CA–1507–WC, 93–CA–1609–WC.

Court of Appeals of Kentucky.

May 5, 1995.

**500**

Kelsey E. Friend, Sr., Robert J. Greene, Pikeville, for Williamson.

Mark C. Webster, Labor Cabinet, Louisville, for Special Fund.

Natalie D. Brown, Jackson & Kelly, Lexington, for Island Creek Coal Co.

Before HOWERTON, McDONALD, and SCHRODER, JJ.

HOWERTON, Judge.

This is a petition and cross-petition for review of an opinion of the Workers' Compensation Board affirming the opinion, award and order of the Administrative Law Judge (ALJ). The petition deals with a question of law: whether the continuation provisions of KRS 342.730(3) apply to awards made pursuant to KRS 342.732. *Bowling v. Special Fund*, Ky., 878 S.W.2d 22 (1994), decided since the filing of the briefs in this case, is dispositive of this issue, and we accordingly reverse the Board. The Special Fund cross-petitions for review of that part of the Board's opinion which held that the Fund was liable for reimbursement to Island Creek Coal for a portion of an occupational disease award. The Board was incorrect in so ordering reimbursement; however, our disposition of the first issue renders this issue moot.

On May 17, 1989, Avery Williamson (claimant) filed an application for adjustment of claim with the Department of Workers' Claims alleging work-related injuries sustained on April 15, 1987, and August 12, 1987. On July 25, 1989, Island Creek filed a motion to consolidate claims in that claimant testified at deposition that he had also suffered work-related injuries on August 29, 1988, and March 13, 1989. An order was entered September 25, 1989, consolidating the injury claims. During the medical evaluations, some physicians also found evidence of pneu-

moconiosis. The claimant then filed a claim for occupational disease which was consolidated with the injury claims by order of February 23, 1990. The claimant died on June 29, 1990, of causes unrelated to his injuries, and his widow, Phyllis Williamson (Williamson), filed a motion on July 17, 1990, to become a party plaintiff, both as a dependent and as administratrix of the estate. This was granted by order of August 9, 1990. The ALJ rendered his opinion, award and order on September 3, 1991.

The ALJ found that claimant suffered injuries to his back and/or left knee in the series of work-related incidents. The ALJ also found that claimant suffered from coal workers' pneumoconiosis, with his last day of exposure being congruent with his last day worked, that is, March 13, 1989. The ALJ concluded that claimant was suffering a permanent partial occupational disability of 50% as a result of the injuries, with the bulk of the disability (35%) being attributable to his back condition, and the injury of March 13, 1989, being the precipitating factor. The other 15% of his 50% disability was attributable to his left knee condition, a result of the August 29, 1988, injury. Because claimant's back and knee conditions were partially attributable to the arousal of pre-existing degenerative changes, and consistent with the medical evidence, the ALJ apportioned liability for the injury awards equally between Island Creek and the Special Fund. KRS 342.120(2)(b) and KRS 342.1202.

It was also determined that claimant was suffering from a 100% occupational disability as a result of coal workers' pneumoconiosis pursuant to KRS 342.732(1)(d). The ALJ concluded that the injuries and occupational disease "acted conjunctively to render [claimant] totally and permanently disabled." *Teledyne–Wirz v. Willhite*, Ky.App., 710 S.W.2d 858 (1986).

The ALJ awarded Williamson dependent's benefits on the 35% disability due to the back injury "during her widowhood or Mr. Williamson's life expectancy, whichever may first terminate." He limited her income benefits for the 15% injury disability to 425 weeks. *See Johnson v. Scotts Branch Coal Co.*, Ky.App., 754 S.W.2d 555 (1988). The

ALJ limited payment of income benefits for the occupational disease claim from date of last exposure to date of death, and he apportioned liability 25% to Island Creek and 75% to the Fund. The Workers' Compensation Board affirmed, and it is this discontinuation of spouse's benefits that Williamson challenged.

■ Prior to July 13, 1990, survivor's benefits were not authorized when the award was made pursuant to KRS 342.732, as were claimant's benefits here. As the Supreme Court stated in *Bowling, supra*, 878 S.W.2d at 22:

> [B]efore the pneumoconiosis statute was enacted income benefits were awarded exclusively under KRS 342.730. Accordingly, subsection (3) of KRS 342.730 authorized the award of survivors' benefits when the employee had sustained disability compensable under "that section." In 1987, KRS 342.732 was enacted to separately authorize and direct income and retraining benefits for occupational pneumonoconiosis. However, it was not until 1990 that KRS 342.730(3) was amended, substituting the word "chapter" for "section," and thereby authorizing survivors' benefits in claims for income benefits arising under KRS 342.732.

Since the amendment to KRS 342.730 was not effective until July 13, 1990, which was after the claimant's death, the ALJ and the Board concluded that Williamson could not take advantage of the amendment to the statute. They determined that the change could not be applied retroactively. However, in *Bowling* our Supreme Court held that the amendment was to be "remedial" and went on to explain at 23:

> In *Peabody Coal Co. v. Gossett*, Ky., 819 S.W.2d 33 (1991), we stated that when an amendment is remedial, it does not come within the legal conception of a retrospective law nor the general rule against retrospective operation of statutes. Quoting from 73 Am.Jur.2d *Statutes* § 354 (1974), we endorsed the principle that a "remedial statute must be so construed as to make it effect the evident purpose for which it was enacted, so that if the reason of the statute extends to past transactions,

as well as to those in the future, then it will be so applied...."

It is abundantly clear that the 1990 amendment to KRS 342.730(3) was to correct an ambiguity. As is evidenced by the amendment itself, the legislature did not intend to treat the survivors of workers awarded income benefits under KRS 342.732 differently than those awarded income benefits under KRS 342.730. Clearly then, those classes should not be treated disparately because their claims arose between October of 1987, and July of 1990. See, *Newberg v. Davis*, Ky., 867 S.W.2d 193 (1993).

Avery Williamson's last day worked and last day of injurious exposure was March 13, 1989. His workers' compensation claim was pending at the time the statute was amended, and it is just this situation that the amendment was designed to address. Therefore, the decision of the Board affirming the ALJ in the discontinuation of survivor's benefits for the occupational disease is reversed. Williamson's other claims on appeal are now moot.

■ By cross-petition, the Fund alleges it was error for the ALJ to use claimant's actual life span instead of his life expectancy in awarding survivor's benefits to Williamson for purposes of the occupational disease award. The ALJ treated this as a closed-ended award since the claimant's actual life span was known at the time of the hearing. We do not believe a different result should obtain merely because the ALJ had the advantage when making his decision of knowing exactly how long a claimant's life span would be. This would totally eviscerate the purpose of survivors' benefits. KRS 342.730(3) and KRS 342.750. Thus we reverse that aspect of the Board's opinion.

■ Finally, the Fund takes issue with the fact that the ALJ applied the statutory liability apportionment ratios to the period of time between the last day of exposure and the claimant's date of death, to require the Fund to reimburse Island Creek for a portion of the award, even though the benefits fell due within the portion of claimant's life expectancy for which the employer alone was liable.

KRS 342.120(6), (7). In a recent case, *Pickands Mather & Co. v. Newberg*, Ky., 895 S.W.2d 3, 5 (1995), the Supreme Court held that the Fund was liable for all payments on a lifetime award after the expiration of the employer's payment period, when the employee lived beyond his life expectancy. The Court recognized:

> Under this system, where the worker does not live out his life expectancy, the employer will have overpaid; whereas, where the worker outlives his life expectancy, the Special Fund will overpay. Although this payment scheme may result in each defendant actually paying more or less than the assigned percentage of liability on a given award, it does not alter the underlying premise that each defendant is liable for its proportionate share of a lifetime award.

We believe this same reasoning applies to preclude the Fund from paying a share of the income benefits during the employer's payment period where the Fund's payment period has not yet come into existence. The Fund also argues that the occupational disease award cannot be used to enhance the injury award for a finding of total disability, since the occupational disease award ceased at the death of the claimant. However, both these issues are rendered moot because of our determination that Williamson is entitled to a continuation of survivor's benefits based on the occupational disease claim. *See Teledyne–Wirz, supra; Beale v. Shepherd*, Ky., 809 S.W.2d 845 (1991).

Based on the above reasoning, the opinion of the Workers' Compensation Board is reversed and this action remanded for proceedings consistent with this opinion.

All concur.